[No. 5576.    Decided April 14, 1905.]

38  309
e40  443

THE STATE OF WASHINGTON, on the Relation of Osborne, Tremper & Co., Plaintiff, v. SAM H. NICHOLS, as Secretary of State, Respondent.[1]

CORPORATIONS—CHANGE IN NAME—TRUST COMPANIES. Under Laws 1903, p. 367, providing that no corporation thereafter organized shall carry on a trust business or use the word "trust" as part of its name, a pre-existing corporation cannot change its name to include therein the word "trust," without complying with the other provisions of the act regulating trust companies; since the change in name is to that extent the creation of a new corporation.

[1]Reported in 80 Pac. 462.

SAME—STATUTES—TITLE OF ACT—SUFFICIENCY. A provision prohibiting the use of the word "trust" in the name of other corporations is germane to the general purposes of Laws 1903, p. 367, entitled "An Act providing for the incorporation of trust companies, and defining their powers and duties."

MANDAMUS—WHEN LIES—SECRETARY OF STATE—CHANGE IN NAME OF CORPORATION—VIOLATION OF LAW. Mandamus will not lie to compel the secretary of state to file a certificate changing the name of a corporation, which violates the law relating to trust companies, on the theory that he performs his full duty by filing the certificate and informing the attorney general of the violation of the law, since the court will not compel him to do a vain or illegal act.

Application filed in the supreme court March 20, 1905, for a writ of mandamus to compel the secretary of state to file a certificate, amending articles of incorporation. Writ denied.

*Shank & Smith,* for relator.

*John D. Atkinson, Attorney General,* and *A. J. Falknor,* for respondent.

RUDKIN, J.—Original application for a writ of mandamus. The relator was incorporated under the general laws of the state of Washington on the 12th day of January, 1892, under the corporate name of "Osborne, Tremper & Co., Inc." The objects of the corporation were to do a general abstracting, title insurance, and trust company business. Prior to the 20th day of March, 1905, the petitioner had taken all necessary steps to amend its articles of incorporation, changing its corporate name to "Seattle Trust and Title Company;" and on said date a certificate in due form, amending the original articles, was presented to the respondent as secretary of state, accompanied by the necessary fees, and a request that the same be filed. The respondent refused to file the certificate of amendment, upon the sole ground that the change of the

name of the corporation so as to include and use the word
"trust" as a part thereof, was in violation of the act of
March 17, 1903, entitled, "An act providing for the in-
corporation of trust companies, and defining their powers
and duties." Laws 1903, p. 367.    Section 1 of said
act provides, among other things, that,

"Hereafter no corporation shall be organized for the pur-
pose of carrying on a trust company business in the state
of Washington except under this act, and no company here-
after organized under any other act shall use the word
'trust' as a part of its name."

It might be stated here that the relator bases its right
to change its name so as to use the word "trust" as a part
thereof, upon the sole ground that it was incorporated
prior to the passage of the act of March 17, 1903, and not
upon the ground that it has complied with the other re-
quirements of the act.    The corporations created under the
act in question differ in many important respects from
corporations created under other acts, or under the general
law.    In some respects their powers are more extensive,
in others, more restricted than the ordinary corporation.
In cities of the size of the city of Seattle, they must have
a capital stock of at least $100,000 fully paid in.    They
are subject to state supervision and state control, and, like
national banks organized under the laws of the United
States, they are given a distinctive name, which all other
corporations thereafter created are forbidden to assume
or use.    It was the evident purpose of the legislature in
the passage of this act to create a class of corporations,
established on a solid financial basis, endowed with certain
important powers of a fiduciary nature, and a name that
would indicate to the public the character of the institu-
tion with which they were dealing, and the safeguards by
which it was surrounded for their protection.    It is the

duty of the courts to give effect to these apparent objects, so far as the act itself and the constitution of the state will permit.

Does the change of the corporate name of a pre-existing corporation, so as to include the word "trust" as a part thereof, violate the provisions of the act in question? Every corporation has certain essentials which must appear in its articles. In this state these essentials are: the corporate name, the corporate objects, the amount of the capital stock and the number of shares, the time of the corporate existence, the number of trustees and their names, and the principal place of business. It seems to us that a change in any one of these essentials is, to that extent, the creation of a new corporation. Should the legislature declare that no corporation should thereafter be created for a particular purpose, or to engage in a particular business, it would be idle to say that a pre-existing corporation could so amend its articles as to accomplish the prohibited objects, without violating the letter and the spirit of the statute. So in this case, the change in the name of a pre-existing corporation, so as to make use of the word "trust" as a part thereof, is, to that extent, the creation of a new corporation, and is forbidden by the provisions above quoted.

Counsel further contend that the above construction renders the act unconstitutional, under art. 2, § 19, of the state constitution, which provides that, "No bill shall embrace more than one subject, and that shall be expressed in the title." There is no merit in this contention. The object of the act is, as stated in its title, to incorporate trust companies. The giving of a corporate name to the companies so created, and a prohibition against the use of the same name by other companies, is clearly germane to the general purposes of the act. The claim that the

title of the act makes no reference to existing corporations is answered by the conclusion reached by the court that the change of name is *pro tanto* the creation of a new corporation.

The last objection urged is that the respondent performs his full duty under the law when he calls the attention of the attorney general to its violation, and that he cannot raise the objection urged here. Bal. Code, § 5755, provides that the writ of mandamus may issue to compel the performance of an act especially enjoined as a duty, resulting from an office, trust, or station. What we have already said suffices to show that no duty was enjoined upon the secretary of state to file the certificate of amendment, and this court will not compel him to do a vain or illegal act.

The writ is therefore denied.

MOUNT, C. J., CROW, DUNBAR, HADLEY, and FULLERTON, JJ., concur.