[No. 5814. Decided October 31, 1905.]

THE STATE OF WASHINGTON, *on the Relation of James A. Gorman et al., Plaintiff,* v. SAM H. NICHOLS. *as Secretary of State, Defendant.*[1]

CORPORATIONS—TRUST COMPANIES—ARTICLES OF INCORPORATION— COMPLIANCE WITH TRUST COMPANY ACT—CONSTRUCTION—RIGHT TO FILE. Under Laws 1903, p. 317, providing that thereafter no corporation shall be organized to carry on a trust business except under said act, a proposed corporation with powers confined almost wholly to an agency or trust business, with substantially the powers of a trust company, cannot be incorporated under Bal. Code, §§ 4250-4290, although the articles are drawn thereunder and do not follow the language of the act of 1903; or include all the powers of the latter act.

MANDAMUS—WHEN LIES—SECRETARY OF STATE—ILLEGAL ARTICLES OF INCORPORATION—FILING. The duties of the secretary of state are not ministerial to the extent of requiring him to file improper articles of incorporation and refer the matter to the attorney general for action; nor would the courts require the doing of a vain or illegal act.

Application filed in the supreme court, September 6, 1905, for a writ of mandamus to compel the secretary of state to file articles of incorporation. Writ denied.

*Andrew J. Balliet* and *James Kiefer,* for relators.

*The Attorney General* and *A. J. Falknor, Assistant,* for defendant.

MOUNT, C. J.—This is an original application for mandamus, to compel the secretary of state to file and record certain articles of incorporation. The relators, on August 24, 1905, subscribed and acknowledged articles of incorporation, and tendered the same with the proper fee therefor to be filed in the office of the secretary of state. This officer refused to file or record the said articles of incorporation in his office, for the reason that the powers of the corpora-

1Reported in 82 Pac. 741.

tion as defined by its articles authorized a trust company business within the state, while the corporation was not organized as required by the act of 1903. Laws 1903, p. 367. The object and purposes of the proposed corporation are declared by its articles as follows:

"(1)    To buy, sell, and deal in, both on its own account and as agent for any other corporation, firms or individuals, all kinds of real and personal property, and to engage in the making and securing of loans of money as broker or agent, and to deal in all kinds of investments, including promissory notes, bonds, municipal and other warrants.

"(2)    To act as custodian, manager, or broker and sale and rental agent of real and personal or mixed property and estates, and to act as attorney in fact or agent for persons, firms, and corporations, in any lawful business or occupation.

"(3)    To buy, acquire, hold, manage, operate, develop, improve, sell, mortgage, lease, exchange, maintain, and in any way dispose of real estate, including sites for manufacturing and milling plants, water works, water rights, mines, mining claims, electric light, gas or other light or power plants.

"(4)    To borrow or raise money and to issue therefor its notes, bonds, or other evidences of indebtedness, and to secure the same by pledge, deed, mortgage, trust deed or any other form of hypothecation of any or all of its property, both real and personal.

"(5)    To lend its money and to receive therefor notes, obligations, and other evidences of indebtedness as well as pledges, mortgages, hypothecations, and securities for its repayment.

"(6)    To acquire, purchase, hold, and dispose of the business, books, stocks, bonds, contracts, certificates, and other property of any individual, firm, copartnership, or corporation.

"(7)    To engage in the general brokerage and agency business, both as to real and personal property, and to charge and collect for its services rendered a compensation either by way of commissions, brokerage, or shares in the result or outcome of any transaction in which it may engage as such broker or agent, or which may be intrusted to it.

"(8)    To exercise any and all powers and to do any and

all lawful acts and things proper, expedient, or convenient for the carrying out of the purposes of this corporation in the state of Washington or elsewhere, where it may lawfully do the same or may acquire the right to do business."

It is conceded that the corporation is not formed under the act of 1903; but relators · contend that they have organized under the general incorporation laws, as defined by Bal. Code, §§ 4250-4290, and that the powers of the corporation as defined by its articles do not conflict with the powers of trust companies as defined by the act of 1903. Under the general incorporation law, § 4250 *et seq.*, corporations may be formed for,

". . . manufacturing, mining, milling, wharfing and docking, mechanical, banking, mercantile, improvement, and building purposes, or for the building, equipping, and managing water flumes for the transportation of wood and lumber, or for the purpose of building, equipping and running railroads, or constructing canals or irrigation canals, or engaging in any other species of trade or business."

When incorporated they shall have power:

"(1)  To sue and be sued in any court having competent jurisdiction; (2) to make and use a common seal, and to alter the same at pleasure; (3) to purchase, hold, mortgage, sell, and convey real and personal property; (4) to appoint such officers, agents, and servants as the business of the corporation shall require, to define their powers, prescribe their duties, and fix their compensation; (5) to require of them such security as may be thought proper for the fulfillment of their duties, and to remove them at will; except that no trustee shall be removed from office unless by a vote of two-thirds of the stockholders, as hereinafter provided; (6) to make by-laws not inconsistent with the laws of this state or the United States; (7) the management of its property, the regulation of its affairs, the transfer of its stock, and for carrying on all kinds of business within the objects and purposes of the company as expressed in the articles of incorporation."

The act of 1903 provides for the incorporation of trust companies, and recites that, "Hereafter no corporation shall

be organized for the purpose of carrying on a trust company business in the state of Washington, except under this act." The powers of such companies are defined as follows:

"(1)   To act as the fiscal or transfer agent of any state, municipality, body politic or corporation, and in such capacity to receive and disburse money.

"(2)   To transfer, register, and countersign certificates of stock, bonds or other evidence of indebtedness, and to act as agent of any corporation, foreign or domestic, for any purpose now or hereafter required by statute or otherwise.

"(3)   To receive deposits of trust moneys, securities and other personal property from any person or corporation, and to loan money on real or personal securities, and to discount and negotiate promissory notes, drafts, bills of exchange and other evidences of debt, and to buy, sell and exchange coin and bullion.

"(4)   To lease, hold, purchase and convey any and all real property necessary for and convenient in the transaction of its business, or which the purposes of the corporation may require, or which it shall acquire in satisfaction or partial satisfaction of debts due the corporation under sales, judgments or mortgages, or in settlement or partial settlement of debts due the corporation from any of its debtors.

"(5)   To act as trustee under any mortgage or bond issued by any municipality, body politic or corporation, and to accept and execute any other municipality or corporate trust not inconsistent with the laws of this state.

"(6)   To accept trusts from, and execute trusts for, married women, in respect to their separate property, and to be their agent in the management of such property, or to transact any business in relation thereto.

"(7)   To act, under the order or appointment of any court of record, as guardian, receiver or trustee of the estate of any minor, and as depository of any moneys paid into court, whether for the benefit of any such minor or other person, corporation or party.

"(8)   To take, accept and execute any and all such legal trusts, duties and powers in regard to the holding, management and disposition of any estate, real or personal, and the rents and profits thereof, or the sale thereof, as may be granted or confided to it by any court of record, or by any person, corporation, municipal or other authority, and it

shall be accountable to all parties in interest for the faithful discharge of every such trust, duty or power which it may so accept.

"(9)  To take, accept and execute any and all such trusts and powers of whatever nature or description as may be conferred upon or intrusted or committed to it by any person or persons, or any body politic, corporation or other authority, by grant, assignment, transfer, devise, bequest, or otherwise, or which may be intrusted or committed or transferred to it or vested in it by order of any court of record, and to receive and take and hold any property or estate, real or personal, which may be the subject of any such trust.

"(10)  To purchase, invest in, and sell stocks, promissory notes, bills of exchange, bonds, debentures and mortgages and other securities; and when moneys or securities for moneys are borrowed or received on deposit, or for investment, the bonds or obligations of the company may be given therefor, but it shall have no right to issue bills to circulate as money.

"(11)  To be appointed and accept the appointment of assignee or trustee under any assignment for the benefit of creditors of any debtor, made pursuant to any statute or otherwise.

"(12)  To act under the order or appointment of any court of record or otherwise as receiver or trustee of the estate or property of any person, firm, association or corporation.

"(13)  To be appointed and to accept the appointment of executor of, or trustee under, the last will and testament or administrator with or without the will annexed, of the estate of any deceased person, and to be appointed and to act as the guardian of the estate of lunatics, idiots, persons of unsound mind and habitual drunkards: *Provided, however,* The power hereby granted to trust companies to act as guardian or administrator with or without the will annexed shall not be construed to deprive parties of the prior right to have issued to them letters of guardianship, or of administration, as such right now exists under the laws of this state.

"(14)  To exercise the powers conferred on and to carry on the business of a safe deposit company.

"(15)   To collect coupons on, or interest upon, all manner of securities when authorized so to do by the parties depositing the same.

"(16)   To receive and manage any sinking fund of any corporation, upon such terms as may be agreed upon between said corporation and those dealing with it.

"(17)   Generally to execute trusts of every description not inconsistent with the laws of this state or of the United States.

"(18)   To receive money on deposit to be subject to check or to be repaid in such manner and on such terms, and with or without interest, as may be agreed upon by the depositor and the said trust company."

It will be noticed that the powers of the proposed corporation as defined by its articles are almost, if not wholly, confined to an agency or trust business. It is true that the language used in the articles does not follow the language of the act of 1903, and does not include all the items or powers named in that act; but, in relation to the same subjects, the powers of the proposed corporation are substantially the same as the powers of trust companies organized under the act of 1903. It is unnecessary to point out the specific similarity, because a careful comparison readily discloses the fact. If trust companies could have been organized under the general provisions of Bal. Code, § 4250, prior to the act of 1903, such companies, except possibly such as are therein specifically named, cannot now be incorporated under those provisions; because the act of 1903 expressly provides that hereafter no corporation shall be organized for the purpose of carrying on a trust company business in the state of Washington except under this act. Holding, as we do, that the articles of incorporation offered to the secretary of state authorize a trust company business, and it being conceded that relators have not complied with the act of 1903 with regard to incorporation, it follows that the relators are not entitled to file the articles.

Relators contend, however, that the duties of the secretary

of state are purely ministerial, and that it is his duty to file and record the articles of incorporation as offered, and that the remedy of the state is by *quo warranto* proceedings. This same question was presented in *State ex rel. Osborne, Tremper & Co. v. Nichols,* 38 Wash. 309, 80 Pac. 462, and we there held that the secretary of state was under no duty to file articles not entitled to be filed, and that this court will not compel him to do a vain or illegal act.

The writ is therefore denied.

DUNBAR, RUDKIN, FULLERTON, HADLEY, CROW, and ROOT, JJ., concur.