[No. 6842. Decided September 6, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Amalgamated Republic Mines Company, Plaintiff,* v. SAM H. NICHOLS, *as Secretary of State, Respondent.*[1]

CORPORATIONS—FOREIGN—ARTICLES—PURPOSES—AUTHORITY TO DO BUSINESS. A foreign corporation, whose articles designate trust or agency powers, is not entitled to file its articles with the secretary of state unless it is incorporated in compliance with Laws of 1903, p. 367, regulating the incorporation of such trust companies in this state; since, Const. art. 12, § 7, and Bal. Code, § 4291, provide that foreign corporations shall not be permitted to do business in this state on more favorable conditions than are prescribed by law for similar domestic corporations; and the disavowal of the foreign corporation to do a trust or agency business cannot affect the matter, as there is no method of making the same a matter of record or giving notice thereof.

Application for a writ of mandamus, filed in the supreme court June 26, 1907, to compel the secretary of state to file the articles of a foreign corporation. Writ denied.

*Belt & Powell,* for relator.

*The Attorney General* and *A. J. Falknor, Assistant,* for respondent.

MOUNT, J.—Action in mandamus to compel the secretary of state to file in his office a certified copy of the articles of the Amalgamated Republic Mines Company, a corporation organized under the laws of the territory of Arizona. The secretary of state refused to file the articles because, among the many powers of the corporation as defined by its charter, were contained powers to deal in real estate, and do a brokerage agency and trust business. The corporation avers that the only business it desires or intends to transact in this state is to acquire mines and to establish and operate mills for the

[1]Reported in 91 Pac. 632.

treatment of ores. It disavows any intention of performing, or attempting to perform, any powers enumerated in its articles of incorporation which powers are prohibited by the laws of this state.

It is conceded that the relator has complied with all the provisions of the statute relating to the filing of articles of foreign corporations, and that it is entitled to have its articles filed here, unless the secretary of state may refuse to file the same because the articles enumerate the powers to do a real estate, brokerage, agency and trust business. If these were the sole powers of the corporation, it is clear that the writ would not issue, because foreign corporations organized after 1890 are prohibited from doing a real estate or brokerage business in this state, and this corporation, which was organized in Arizona on May 6th, 1907, is concededly not organized in pursuance of the provisions of the act of 1903, relating to trust companies. Laws 1903, page 367.

Bal. Code, § 4291 (P. C. § 7214), provides that any corporation, incorporated under the laws of the state for any of the purposes for which domestic corporations are authorized to be formed under the laws of this state, shall have power to transact every kind of business in this state in the same manner and to the same extent as domestic corporations, by compliance with the conditions prescribed by succeeding sections,

"Provided, however, That this chapter shall not be so construed as to allow such foreign corporations to transact business within the state on more favorable conditions than are prescribed by law for a similar corporation organized under the laws of this state: . . . Provided, further, That no foreign corporation which is hereafter organized which has among its other powers the business of dealing in real estate, and buying and selling the same, and for the purpose of carrying on a real estate brokerage business, shall be permitted to transact such business of buying and selling and dealing in real estate, and carrying on a brokerage business therein, in this state; but this prohibition shall not extend to any

other business for the transaction of which such corporation may be organized."

The state constitution also provides, at § 7, of art. 12, that,

"No corporation outside the limits of this state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law for similar corporations organized under the laws of this state."

In the case of *State ex rel. Osborne, Tremper & Co. v. Nichols*, 38 Wash. 309, 80 Pac. 462, where a domestic corporation sought to amend its articles so as to change its name from "Osborne, Tremper & Co., Inc.," to "Seattle Trust & Title Company," without complying with the act of March 17, 1903, relating to trust companies, we held that mandamus would not lie to compel the secretary of state to file the amended articles. And in *State ex rel. Gorman v. Nichols*, 40 Wash. 437, 82 Pac. 741, where it was sought to form a domestic corporation to do a trust or agency business, where the corporation was not formed in accordance with the act of 1903 relating to trust companies, we refused to compel the secretary of state to file the proposed articles. In this last-named case, some of the proposed powers of the corporation were powers for which the corporation might have been formed under the general incorporation laws, but most of the powers named were trust or agency powers. The formation of the corporation for those purposes was in violation of the trust company act, which provides that "hereafter no corporation shall be organized for the purpose of carrying on a trust company business in the state of Washington except under this act." Laws 1903, p. 367, § 1. In other words, we refused to permit a domestic corporation to be formed with trust powers among its other designated powers, where such corporation had not complied with the act relating to trust companies. It is clear, therefore, that if the relator were a domestic corporation, the writ would not issue to require the respondent to file the articles. It seems to follow, from this decision and from the provisions of the statute and the constitution to the effect

that foreign corporations shall not be allowed to transact business within the state on more favorable conditions than domestic corporations, that the writ ought not to issue in this case.

It is true the relator recites in the petition for the writ that it disavows any intention of doing any business prohibited by the laws of this state, but there is no provision of law by which such disavowal may become a public record so that persons dealing with the corporation might be informed of the powers of the corporation outside of the recorded articles. It is also true that the statute provides, at Bal. Code, § 4291 (P. C. § 7214), that no foreign corporation shall be permitted to transact a real estate or brokerage business and that "this provision shall not extend to any other business for the transaction of which such corporation may be organized." But this provision cannot be construed so as to permit foreign corporations to do business or to file articles of incorporation prohibited to domestic corporations. The mere filing of articles of incorporation may not be the transaction of business within the meaning of the constitution, but the filing of the articles apparently authorizes the corporation to do all the business named therein not expressly prohibited by law. A trust business is not denied to either foreign or domestic corporations. Either may do such business, but before doing so the corporation must be formed under the provisions of the trust act. Where the articles designate trust powers and the act relating to such powers is not complied with, the articles are misleading upon their face. Neither a foreign nor a domestic corporation can do business in this state without first filing its articles with the secretary of state. If a foreign corporation is permitted to file articles which a domestic corporation cannot, it would seem apparent that the former is shown a preference. For the purposes of business in this state, a foreign corporation is "organized" by the filing of a certified copy of its articles. To allow the relator to file its articles with trust powers would be, in effect, to permit its "organiza-

tion" in derogation of the act of 1903, and upon more favorable conditions than are allowed to domestic corporations. This would be opposed to the public policy of the state, as evidenced by the trust statute and the constitution cited, *supra*.

We are of the opinion, therefore, that when a domestic or a foreign corporation designates trust or agency powers in its articles of incorporation, it is required by the act relating to such powers to be incorporated in a particular way. The secretary of state ought not to be compelled to file articles which do not conform to the law in that respect.

The writ is denied.

HADLEY, C. J., FULLERTON, CROW, ROOT, RUDKIN, and DUNBAR, JJ., concur.