[No. 6956. Decided March 4, 1908.]

THE STATE OF WASHINGTON, *on the Relation of University Lumber & Shingle Company, Plaintiff*, v. SAM H. NICHOLS, *Secretary of State, Respondent.*[1]

CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS— ARTICLES—CONSTRUCTION—TRUST COMPANIES. Articles of a foreign corporation authorizing it "to act as agent in the sale and purchase of real and personal property" do not authorize it to do a trust business, and hence do not require compliance with the provisions relating to trust companies.

SAME—REAL ESTATE BROKERAGE BUSINESS—STATUTES—CONSTRUCTION. The proviso to Bal. Code, § 4291, prohibiting a foreign corporation which has among its powers the business of real estate brokerage from carrying on a brokerage business in this state, provides that the prohibition shall not extend to any other business for which it is organized; hence a manufacturing company authorized to do a brokerage business in its home state is entitled to file its articles and do other business in this state.

Application filed in the supreme court September 17, 1907, for a writ of mandamus directed to the secretary of state to compel the filing and recording of the articles of a foreign corporation. Writ granted.

*Geo. S. Shepherd,* for relator.

*The Attorney General, A. J. Falknor, Assistant,* and *R. G. Sharp,* for respondent.

[1]Reported in 94 Pac. 196.

MOUNT, J.—Relator is a corporation duly organized under the laws of Oregon to manufacture lumber and shingles. On the 29th day of April, 1907, it presented to respondent, as secretary of state, a duly certified copy of its articles of incorporation as filed in Oregon, together with an appointment of a resident agent in Washington, and tendered the legal fees for filing and recording the same. The secretary of state refused to file or record the articles for the reason that they contained the following clause:

"(8) To buy, own, lease, mortgage, sell, transfer, assign, exchange, convey and deal in all kinds of real and personal property, and acquire rights of way, charters, franchises, privileges, and subsidies in all parts of the United States, its possessions and Canada, and borrow money and pledge its property in payment of the same, and mortgage its assets to secure its liabilities, and to lend money, and to take, own, sell, buy, and assign evidences of indebtedness, notes and mortgages, and enforce the same, and to claim, file, and enforce liens for all sums owning to this corporation as it may be provided by law or assign the same and to do anything and everything necessary, proper, convenient, or expedient to carry on the objects and purposes incident to the business aforesaid and the exercise of its corporate functions."

The relator makes application to this court for a writ to direct the respondent to file and record its articles. The powers of foreign corporations are set forth in Bal. Code, § 4291 (P. C. § 7214), being § 1, Laws 1890, page 288, as follows:

"Any corporation incorporated under the laws of any state or territory in the United States, or of any foreign country, state, or colony, for any of the purposes for which domestic corporations are authorized to be formed under the laws of this state, shall have full power, and is hereby authorized, to sue and to be sued in any court having competent jurisdiction, to acquire, purchase, hold, mortgage, sell, convey, or otherwise dispose of in the corporate name all real estate or personal property necessary or convenient to carry into effect the objects and purposes of its corporation, and also any interest in real estate, by mortgage or otherwise, due to or

loans made by such foreign corporations within the boundaries of this state, either prior to or after the passage of this act, and generally do and perform every act and transact every kind of business within this state, in the same manner and to the same extent as corporations incorporated and organized under the laws of this state are authorized to do under the laws of this state, by a compliance with all the conditions prescribed by the next two succeeding sections of this chapter."

The same section provides further that foreign corporations may not transact business on more favorable terms than domestic corporations. It further provides:

"That no foreign corporation which is hereafter organized which has among its powers the business of dealing in real estate, and buying and selling the same, and for the purpose of carrying on a real estate brokerage business, shall be permitted to transact such business of buying and selling and dealing in real estate, and carrying on a brokerage business therein, in this state; but this prohibition shall not extend to any other business for the transaction of which such corporation may be organized."

This last provision prohibits foreign corporations from doing a brokerage business in real estate and dealing in the same in this state, but clearly contemplates that such corporation may file its articles and engage in other business not prohibited.

In the case of *State ex rel. Amalgamated Republic Mines Co. v. Nichols*, 47 Wash. 117, 91 Pac. 632, and cases therein cited, this court denied writs because the corporations sought to file articles which authorized a trust business, while domestic corporations were prohibited from filing such articles. This we held would be giving more favorable terms to foreign corporations than were accorded corporations organized in the state. In the case at bar, however, no such attempt is made. The relator's powers do not extend to a trust business. The nearest approach to such business is contained in the clause: "To act as agent in the sale and purchase of real

and personal property." This, of course, means only that the corporation is authorized to do a "real estate brokerage business" in its home state, and not a trust business within the meaning of our statute. This seems to bring the case within the statutory exception that foreign corporations shall not carry on a real estate business "but this prohibition shall not extend to any other business for the transaction of which such corporation may be organized," and without the rule in *State ex rel. v. Nichols, supra.* It was evidently the intention of the legislature to permit foreign corporations to file articles and transact business not prohibited, especially where the articles of incorporation complied with the laws of this state and placed such foreign corporations on no more favorable terms than are required of domestic corporations.

We think the peremptory writ should issue in this case, and it is so ordered.

HADLEY, C. J., CROW, FULLERTON, and ROOT, JJ., concur.