[No. 7864.   Decided February 10, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Baker River and Shuiksan Railroad Company, Plaintiff,* v. SAM H. NICHOLS, *Secretary of State, Respondent.*[1]

CORPORATIONS—FOREIGN—RIGHT TO DO BUSINESS—COMITY.   No principal of comity is involved in the right of a foreign corporation to file articles of incorporation in this state pursuant to the laws of this state; since comity is a rule of expediency based upon the law or decisions of other states, rather than our own.

SAME—FILING ARTICLES—DUPLICATION OF NAMES—STATUTES—CONSTRUCTION.   Laws 1903 entitled an act to prevent the duplication of corporate entitlements, which provides that "no corporation shall take the name of another heretofore organized under the laws of this state nor of any foreign corporation having complied with the laws of this state," applies alike to domestic and foreign corporations, although the first paragraph relates only to domestic corporations; and articles of a foreign corporation cannot be filed if the name is the same as that of any domestic corporation; especially in view of Const., art. 12, § 7, providing that no foreign corporation shall be permitted to do business within the state on more favorable conditions than are prescribed for similar domestic corporations (RUDKIN, J., dissenting).

SAME—MANDAMUS.   Mandamus will not issue to compel the secretary of state to file improper articles of incorporation, duplicating corporate names, and leave the aggrieved party to its remedy in equity; since the courts will not require the doing of a vain or illegal act, and the public is concerned in maintaining a distinction between corporate names.

Application filed in the supreme court January 18, 1909, for a writ of mandamus to the secretary of state to compel the filing of articles of incorporation.   Denied.

*Ira Bronson* and *D. B. Trefethen,* for relator.

*The Attorney General* and *W. V. Tanner, Assistant,* for respondent.

[1]Reported in 99 Pac. 876.

CHADWICK, J.——The petitioner, Baker River and Shuiksan Railroad Company, existing under and by virtue of the laws of the state of Oregon, offered to the respondent, as secretary of state of the state of Washington, certified copies of its articles of incorporation, tendered the filing fees, and demanded that it be properly registered and that the usual certificate, authorized to be issued to foreign corporations seeking to do business in the state of Washington, be issued to it. Respondent refused the offer and demand of the petitioner, for the reason that there was at the time a domestic corporation bearing the same name registered in his office which was, in so far as his records indicated, an active and way-going concern. His justification is based upon the following:

"Private corporations may be formed in the manner prescribed by the laws of this state governing corporations for any purpose for which individuals may lawfully associate. No corporation shall take the name of a corporation heretofore organized under the laws of this state, nor of any foreign corporation having complied with the laws of this state, nor one so nearly resembling the name of such other corporation as to be misleading. The secretary of state shall refuse to file said articles of incorporation of any association or corporation violating the provisions of this act." Laws 1903, p. 124.

On the other hand, petitioner relies upon Bal. Code, §§ 4291-93 (P. C. §§ 7214-16), having complied with all the provisions thereof. It is conceded that petitioner, if a domestic corporation, would have no right to file its articles, but it is insisted that the act of 1903 is not broad enough to include a foreign corporation within its terms; that the general laws with reference to foreign corporations doing business in this state are mandatory upon the secretary, and that his duty to receive and file such papers as are properly certified and authenticated should be compelled by the courts, leaving the domestic corporation, if injured, to its remedy in equity.

The only question before the court is whether the secretary was warranted in applying the law of 1903 to the case at bar. Petitioner argues that its right to come into the state cannot be barred or abridged by the statute, because state comity must enter as an element in the construction of the law. It further contends that comity is to be gathered from the statutes of this state, and cannot in any event be determined by the arbitrary judgment of a ministerial officer.

Comity depends not alone upon a disposition to favor the citizen of another state or country, but rests upon well settled principles of practice, expediency, and convenience. It is a rule recognized by courts and applied within bounds of discretion. It is based upon the statute law or decisions of courts of general jurisdiction of other states or countries, rather than upon our own. These will be recognized and given force if it be found that they do not conflict with the local law, inflict an injustice on our own citizens, or violate the public policy of the state. We do not believe that any question of comity is here involved. In the absence of any statute, a foreign corporation would, under the doctrine of comity, be privileged to do business in this state; but, like almost all other states, we have undertaken to prescribe the terms and conditions upon which the foreign corporation may do business. Speaking through the constitution, the people have reserved a further protection to the domestic corporation by saying that:

"No corporation organized outside the limits of this state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law to similar corporations organized under the law of this state." Const., art. 12, § 7.

Section 1 of the law of 1903 must be construed with reference to its spirit and purpose, and always in the light of the constitution. When so considered, we are of the opinion that it is broad enough to cover foreign as well as domestic corporations. The title of the act is general: "An act to pre-

vent the duplication of corporate entitlements," and while the first paragraph admittedly refers to domestic corporations and may as well have been omitted from the act, the second—"No corporation shall take the name of a corporation heretofore organized under the laws of this state, *nor of any foreign corporation* having complied with the laws of this state"—clearly manifests an intention on the part of the legislature to put all corporations, domestic and foreign, on terms of equality, and prevent any appropriation of an existing corporate name. Protection to both classes being guaranteed by the act, it seems to us that it would be unreasonable to hold that, while the foreign corporation now doing business in the state could claim protection under the law, other foreign corporations seeking to file articles could ignore it until safely registered, and then insist upon its benefits. The act by express terms shields the foreign corporation when domiciled in this state. If, being so domiciled, it can claim the benefit, it must, in declaring its intention to do business in this state, meet the burden of the law.

But if we concede the position of relator, that the act of 1903 applies only to domestic corporations, it is in no better position. If a domestic corporation would not have the right to duplicate the name of an existing corporation and that privilege be allowed the foreign corporation, it would do violence to the prohibitive section of the constitution. This court has, in construing that provision, laid down the broad doctrine that a foreign corporation cannot do that which it is unlawful for the domestic corporation to do. *State ex rel. Amalgamated Republic Mines Co. v. Nichols*, 47 Wash. 117, 91 Pac. 632. While the exact question involved here was not discussed in that case, in its last analysis the decision there rendered is a judicial declaration of the avowed public policy of the state, that every restriction put upon a domestic corporation shall apply to a foreign corporation doing or seeking to do business in the state of Washington. When so

considered, it is of controlling force as an authority in the case at bar.

Relator also contends that it is the duty of the respondent to file the articles, leaving the other corporation to its remedy in equity. This question has been settled in this state. Being satisfied with the rule, we have no disposition to depart from it. *State ex rel. Gorman v. Nichols*, 40 Wash. 437, 82 Pac. 711; *State ex rel. Osborne Tremper & Co. v. Nichols*, 38 Wash. 309, 80 Pac. 462. Relator's argument may be further met with the suggestion that the public is concerned in maintaining a distinction between corporate names, and by legislative enactment has the undoubted right to protect its interests without resort to a court of equity. The suggestion that our construction would make it possible for designing persons to appropriate the name of a foreign corporation and thus deprive it of the privilege of coming into the state under its corporate name, might properly be addressed to the legislature. So far as the courts are concerned, they cannot assume to protect those who have no legal status under the laws of this state and, so far as we know, may never have. A corporate name has no extraterritorial worth except under the doctrine of comity, and as we have shown, comity is not here involved.

The writ will be denied.

FULLERTON, DUNBAR, CROW, and MOUNT, JJ., concur.

RUDKIN, C. J. (dissenting).—Believing that the act of 1903 quoted in the majority opinion is limited by its terms to domestic corporations, I dissent.

GOSE, J., took no part.