MAINE NORTHWESTERN DEVELOPMENT CO. v. NORTHWESTERN COMMERCIAL CO.

(District Court, W. D. Washington, N. D.  December 2, 1915.)

No. 2117.

1. CORPORATIONS ⬗661—FOREIGN CORPORATIONS—ACTIONS—RIGHT TO SUE.
    Rem. & Bal. Code Wash. § 3677, provides that corporations may be formed for certain purposes, but that no such corporation shall commence business until the whole amount of its capital stock has been subscribed. Const. Wash. art. 12, § 7, and Rem. & Bal. Code Wash. § 3720, provide that foreign corporations shall not be allowed to transact business within the state on more favorable conditions than are prescribed for domestic corporations. *Held*, that when a foreign corporation is legally incorporated and authorized to do business under the laws of a foreign state, and a citizen of Washington enters into a contract with it for the payment of money, he may not, in an action on such contract, escape payment on the ground that all of the capital stock has not been subscribed, and the fact that all of the capital stock has not been subscribed does not prevent the corporation from suing and collecting such obligation in the courts of Washington.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542–2544, 2546, 2563–2567;  Dec. Dig. ⬗661.]

2. CORPORATIONS ⬗661—FOREIGN CORPORATIONS—ACTIONS—RIGHT TO SUE.
    Rev. St. Me. 1914, c. 47, § 19, provides that the directors of corporations not charged with the performance of any public duty within the state may hold meetings without the state, and transact business and perform all corporate acts not expressly required by statute to be performed within the state. Rem. & Bal. Code Wash. § 3694, provides that stockholders may in the by-laws prescribe the times, manner, and amounts in which payment of the sum subscribed shall be made, but that, if this shall not be so prescribed, the trustees shall have power to demand and call in from the stockholders the sum subscribed at such time and in such manner as they may deem proper. The stockholders of a Maine corporation directed the levy of an assessment on the stock subscriptions, and pursuant thereto the directors, at a meeting held in the state of Washington, made such assessment. *Held*, that the corporation could sue in Washington to recover the assessment on a stock subscription, though all of the stock had not been subscribed, as required by the Washington statutes in the case of domestic corporations before doing business or collecting stock subscriptions.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542–2544, 2546, 2563–2567;  Dec. Dig. ⬗661.]

At Law.  Action by the Maine Northwestern Development Company against the Northwestern Commercial Company.  On motion for a nonsuit.  Motion denied.

See, also, 213 Fed. 103.

William H. Gorham, of Seattle, Wash., for plaintiff.
Bogle, Graves, Merritt & Bogle, of Seattle, Wash., for defendant.

NETERER, District Judge.  This is an action to recover upon the subscription to the capital stock of a Maine corporation, assessment of which was directed by the stockholders at Portland, Me.,

and made by the board of trustees at Seattle, in the state of Washington. The testimony shows that all of the stock of the corporation was not subscribed, and further shows that compliance was made with the laws of Washington with relation to foreign corporations desiring to do business in the state of Washington, and the issuance of· a license by the Secretary of State in evidence of such compliance. The defendant has moved for nonsuit on the grounds that by the provisions of the laws of Washington a domestic corporation shall not commence doing business until all of its capital stock has been·subscribed, and section 7, article 12, of the Constitution of Washington provides that foreign corporations shall not be allowed to transact business within this state on more favorable terms than are prescribed by law for similar domestic corporations, and this constitutional provision having been carried into the statutes of Washington, section 3720, Rem. & Bal. Codes of Wash., expresses a legislative intent not to admit foreign corporations on more favorable terms than domestic corporations. Section 3677 of the Washington Code, supra, provides that a corporation shall not begin doing business until all of the capital stock has been subscribed. The Supreme Court of Washington, in Denny Hotel Co. v. Schram, 6 Wash. 134, 32 Pac. 1002, 36 Am. St. Rep. 130, in construing this section, said:

"The only object of collecting assessments from the subscribers is to carry on the business of the corporation, and the law prohibiting it from commencing business until the whole amount of the capital stock has been subscribed, by the strongest implication at least, prohibits it from collecting assessments before that condition is complied with."

In State ex. rel. v. Nichols, 47 Wash. 117, 91 Pac. 632, the same court, in passing upon an act relating to the incorporation of trust companies (Laws 1903, page 367), held that a foreign corporation seeking admission did not come within the requirements of domestic corporations and would not permit it to enter the state, and· in State ex rel. v. Nichols, 51 Wash. 619, 99 Pac. 876, declined to permit a foreign corporation to come into the state under a name used by another corporation, inasmuch as a domestic corporation was prohibited· from using a similar name used by another corporation, and used this language in referring to constitutional provisions as stated in State ex rel. v. Nichols, 47 Wash. supra:

"While the exact question involved here was not discussed in that case, in its last analysis the decision there rendered is ·a judicial declaration of the avowed public policy of the state that every restriction put upon a domestic corporation shall apply to a foreign corporation doing or seeking to do business in this state."

And to the same effect, with relation to foreign insurance companies doing business within this state, is State ex rel. Leach v. Fishback, 79 Wash. 290, 140 Pac. 387.

The Circuit Court of Appeals, in London, Paris & American Bank, Ltd., v. Aronstein, 117 Fed. 601, 54 C. C. A. 663, held that stock in a foreign corporation doing business in California should be transferred pursuant to the laws of California, and not pursuant to the laws of England, its domiciliary home.

The Washington cases, except Denny Hotel Co. v. Schram, are all cases where the right to do business was raised by the state and not by a third person in a collateral way. The question presented here is the qualification of the plaintiff to do business in Washington. Is it a question which can only be raised by the state, or may it be raised by the defendant? Section 1034, Rem. & Bal. Code, supra, provides for the filing of an information where any association or number of persons shall act within the state without having complied with the laws of the state, and section 1043 provides that when such association or number of persons shall be found guilty of having acted as a corporation without any right to do so, a judgment of ouster shall be entered against them. State ex rel. Conlan v. Min. & Mfg. Co., 48 Wash. 196, 93 Pac. 219.

[1] The constructive work of the plaintiff corporation, as disclosed by the evidence so far as introduced, is in Alaska. No business seems to have been done within this state, unless with relation to the matter in issue, that might not have been done without qualifying to do business within the state of Washington. Where a foreign corporation is legally incorporated and authorized to do business under the laws of a foreign state, and a citizen of Washington enters into a contract with such corporation involving money, such person may not, in an action on such obligation, escape payment upon the ground that all of the capital stock is not subscribed pursuant to the laws and Constitution of Washington. Nor would a foreign corporation be prevented from suing in the courts of this state to collect such obligation. If the contract is one which does not require any act bringing into operation the agency or authority of the laws of Washington to give it validity, the defendant in this case cannot object. If it requires an affirmative act of the board of directors or stockholders pursuant to the laws of Washington, and without which authority of the Washington law the obligation or subscription would not have vitality, then the defendant may defend on the ground of non qualification of plaintiff company. I think that somewhat akin to the issue is the Constitution provision of Washington, prohibiting an alien from holding land, and under the decisions of the Supreme Court of Washington (Oregon Mortgage Co. v. Carstens, 16 Wash. 165, 47 Pac. 421, 35 L. R. A. 841), the right can only be challenged by the state; but if the alien seeks the aid of the statute (eminent domain law) to secure title to or possession of land, the owner whose land is sought to be taken may defend his title without waiting for the state to act. State ex rel. v. Superior Court, 33 Wash. 542, 74 Pac. 686.

[2] Section 19, chapter 47, Rev. Stat. of Maine, 1914, provides:

"After the certificate of organization required by law is filed in the office of the Secretary of State, directors of all corporations not charged with the performance of any public duty within the state may hold meetings without the state and * * * transact business and perform all corporate acts not expressly required by statute to be performed within the state."

By this provision corporation directors may go into another state and transact corporate business within its charter limits. Section 51, chapter 47, supra, provides that a Maine corporation may sell or other-

wise dispose of stock in corporations, and a Washington corporation (section 3684, Rem. & Bal. Codes of Wash., supra) may purchase stock in any other corporation, so that by the provisions of the laws of Maine and the laws of Washington the plaintiff corporation could sell stock to a domestic or foreign corporation, and the defendant company could subscribe for stock in any other corporation without limitation, either domestic or foreign. Under the laws of Washington (section 3694), the stockholders may by by-law provide the time of payment of the subscription of stock. If the stockholders fail to prescribe this by by-law, then the directors may make the calls as the money is required. At a stockholder's meeting at Portland, Me., the directors of the plaintiff company were directed to levy an assessment upon the stock of the company, and pursuant to such direction the directors did make such levy in Seattle, Wash. Under the Maine law the directors had the right to act in the state of Washington and were not limited in their action to the limits of the state of Maine. If this act of the board of directors in making this call or this demand for the assessment pursuant to the direction of the stockholders of Portland, Me., is one which may not be done in Washington, and is an objection which may be raised by the defendant, then this motion must be granted. The necessity of making calls by the proper parties in the manner prescribed arises from the terms of the subscription agreement and not from a limitation of power. The making of calls is not, strictly speaking, a corporate act. Morawetz on Corporations, § 155. The call made by the directors is agreed upon in the contract of subscription, and a call made, authorized as this is by the laws of Maine, and directed by the stockholders, would enable the plaintiff under the law of comity to pursue a subscription of stock in this state, irrespective of statutory authority of Washington.

I think the motion must be denied.