[No. 6857.   Decided January 7, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Thomas F. Conlan, Respondent*, v. OUDIN & BERGMAN FIRE CLAY MINING AND MANUFACTURING COMPANY, *Appellant*.[1]

CORPORATIONS—DISSOLUTION—SURRENDER OF PRIVILEGES—STATUTE —CONSTRUCTION.  A dissolution of a corporation is authorized under Bal. Code, §§ 5780, 5789, 5790, providing that an information may be filed against a corporation which does or omits acts amounting to a surrender of its privileges, and shall be dissolved if found guilty of unlawfully exercising any office, where it appears that the owner of one-half of the stock assumed to represent the corporation without authority, destroyed its business through negligence, is conducting a rival business, and refuses to elect or help elect a trustee, by reason whereof no business can be legally transacted.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 30, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to dissolve a corporation.   Affirmed.

*Gallagher & Thayer*, for appellant.

*R. L. Edmiston* and *R. J. Danson*, for respondent.

ROOT, J.—This action was instituted for the purpose of dissolving the defendant corporation.   From a decree of dissolution this appeal is prosecuted.

The defendant was incorporated under the laws of Washington, in April, 1893, with a capital stock of $150,000, divided into fifteen hundred shares of the par value of $100 each.   No by-laws appear to have been adopted by the corporation.   The trial court finds that, on the 17th of April, 1903, the relator herein became the owner of seven hundred

[1]Reported in 93 Pac. 219.

and fifty shares of the stock, and that Eva M. Oudin and Charles P. Oudin were the owners of the other seven hundred and fifty shares; that the stock is still owned by them in the respective amounts mentioned. At that time the relator obtained his stock from one Bergman, who was one of the trustees. The said Charles P. Oudin was the other trustee, the articles providing for only two. Shortly after the date above mentioned, a meeting of the stockholders was called to elect a trustee to fill the vacancy caused by the withdrawal of Bergman from the company. At the meeting all of the stockholders were present. Seven hundred and fifty shares were voted for this relator and seven hundred and fifty shares for Eva M. Oudin, wife of Charles P. Oudin. As neither received a majority, no election was had. Since said date no election has taken place and the corporation has had but one trustee, and consequently been unable to legally transact any corporate business.

The court finds that said Oudin and wife refuse to elect or to help elect, or to consent to the election of, said relator as a trustee, and declare that they will never consent to relator occupying any official position or exercising any official authority or control with or over the corporation. The court finds that said Charles P. Oudin has assumed to act on behalf of and to represent said corporation without authority, and that under his management and control the corporation has suffered great financial reverses and loss, and that by reason of his great carelessness the factory and manufacturing plant of the corporation was destroyed by fire and the business destroyed; and that said Oudin has ever since April, 1903, been engaged in organizing and building up a rival fire-brick, sewer-pipe and clay manufacturing plant, exercising the management and control thereof, and wholly absorbing the business patronage of the defendant corporation. No statement of facts or bill of exceptions is brought up. Hence the findings cannot be questioned. Appellant urges that the facts

as found do not justify the conclusions of law or the decree. Bal. Code, § 5780 (P. C. § 1434), reads as follows:

"An information may be filed against any person or corporation in the following cases:—  .  .  .  5. Or where any corporation do or omit acts which amount to a surrender or a forfeiture of their rights and privileges as a corporation, or where they exercise powers not conferred by law."

Section 5789 (P. C. § 1443), provides that, when a defendant shall be found guilty of unlawfully exercising any office or franchise, the court shall give judgment of ouster, and in case of corporations the same shall be dissolved. Section 5790 (P. C. § 1444), makes further provision for the disposition of the estate of the corporation offending against the laws of the state. While the provisions of the statute may not be entirely clear and specific, we think they justify a dissolution of a corporation under such circumstances as we find in this case. The rival stockholders herein seem unable to agree as to the management and control of the corporate affairs. This is the eighth appeal to this court by these parties or those interested in this matter, and we are informed that another appeal is now on the way. As the stock is held entirely by three stockholders, two of whom are husband and wife, considerations do not obtain which might if there were numerous stockholders not directly responsible for the controversy and the present condition of the corporation. We see no reason for not dissolving this corporation which for over four years has been impotent and unable to legally transact any business on account of the controversy and ill-feeling existing between the parties who own each half of the stock.

We think the judgment and decree of the trial court was justified, and the same is therefore affirmed.

HADLEY, C. J., CROW, MOUNT, and FULLERTON, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.