FLEMMING *v.* HEFFNER & FLEMMING.

1. PLEADING—EQUITY—SUFFICIENCY OF BILL—DISMISSAL.
    Where, from facts alleged in bill of complaint, it conclusively appears that plaintiff pleaded case which, if established by proofs, entitles him to equitable relief, defendants' motion to dismiss was properly denied.

2. INJUNCTION—MOTION TO DISMISS—ABUSE OF DISCRETION.
    Granting or dissolving interlocutory injunction is discretionary
        with trial court, and Supreme Court will rarely interfere
        with exercise of such discretionary power, and then only on
        showing of palpable abuse thereof.

3. PLEADING—INJUNCTION—CORPORATIONS—RECEIVERS—DISMISSAL.
    Trial court's refusal to dismiss bill of complaint for appoint-
        ment of receiver for corporation and other relief, or to dis-
        solve temporary injunction restraining issuing of corporate
        checks and disposing of corporate property, *held*, justified,
        under record.

4. CORPORATIONS—WHEN EQUITY COURT HAS POWER TO DISSOLVE
    CORPORATION—DISSENSIONS.
    Court of chancery has power to' dissolve corporation because of
        dissensions of so serious a character as, under circumstances,
        will inevitably defeat purpose for which it was created, and
        especially where there are only few stockholders, so that
        corporation, for practical purposes, as between those inter-
        ested, is much like partnership.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted April 12, 1933. (Docket No. 98, Calendar
No. 37,122.) Decided June 5, 1933.

Bill by Albert G. Flemming against Heffner &
Flemming, a Michigan corporation, and others to
enjoin disposal of corporate assets, for appointment
of receiver, nullification of alleged election of offi-
cers, and for other relief. On motions to dissolve
temporary injunction, to dismiss bill of complaint,
and for appointment of receiver. From order for
plaintiff, defendants appeal. Affirmed.

*Wilkinson, Lowther & O'Connell,* for plaintiff.

*Fox & Severance,* for defendants.

NORTH, J. Upon filing the bill of complaint herein
a temporary injunction was issued *ex parte.* It was

subsequently modified. After answer, amendment to the bill of complaint, and answer thereto, appellants' motion for dissolution of the injunction, and for dismissal of the bill of complaint, and also appellee's motion for appointment of a receiver were heard before the circuit judge, testimony being taken at length. Upon due consideration, the court denied the motion to dissolve the temporary injunction and the motion to dismiss the bill of complaint, and granted appellee's motion for the appointment of a receiver. From the order of the court so disposing of the respective motions, this appeal has been taken.

Before stating the facts involved, disposition may be made of the court's ruling refusing to dissolve the injunction and refusing to dismiss the bill of complaint. From the facts alleged in the bill, hereinafter stated in part, it conclusively appears that plaintiff pleaded a case, which, if established by the proofs, entitles him to equitable relief. For this reason, the court was fully justified in denying defendants' motion to dismiss. The *ex parte* injunction restrained defendants Heffner from issuing checks of the corporation, the stock of which belongs to the parties hereto, and "from deeding any of the real estate" of the corporation, until the further order of the court. By stipulation the injunction was modified so that corporate checks might be issued provided they were signed by both Mr. Heffner and Mr. Flemming. Neither the issuing of this *ex parte* injunction nor the court's subsequent refusal to dissolve it, under the facts in this record, was an abuse of discretion; instead it was quite in accord with the needs of the case. Granting or dissolving an interlocutory injunction is discretionary with the trial court; and this court will

rarely interfere with the exercise of such discretionary power, and then only upon a showing of a palpable abuse thereof. *Freeman* v. *Mitchell*, 198 Mich. 207. Appellants have no cause for complaint arising from the refusal of the trial court to dismiss the bill of complaint or to dissolve the injunction.

The following facts are pertinent to the appeal from the order appointing a receiver. Heffner & Flemming was a Michigan corporation organized January 6, 1925, for the purpose of dealing in real estate. Of its 750 shares one-half is owned by plaintiff and the other half by Mr. and Mrs. Heffner, she holding one share. The corporation dealt extensively in real estate and has large holdings. It purchased acreage and developed and marketed three subdivisions. Following incorporation, Mr. Heffner served as president, Mrs. Heffner as vice-president, and Mr. Flemming as secretary-treasurer. At the outset plaintiff's wife held a qualifying share, and she with the three above-named constituted the four directors. Mrs. Flemming's death occurred within a month after the incorporation, and since her death there have been only three directors. Her one share of the stock is now held by plaintiff.

It is alleged in plaintiff's bill of complaint that in April, 1932, Mr. and Mrs. Heffner at a meeting of the board of directors, not attended by plaintiff and the validity of which meeting is questioned, removed plaintiff as secretary-treasurer and substituted Mrs. Heffner, this being done for the purpose of enabling appellants to control the corporate funds, which, under the by-laws, could be withdrawn from deposit only upon order of the president and secretary-treasurer; and plaintiff alleges that such change was accomplished by defendants Heffner for the purpose of enabling them to withdraw corporate

funds and to apply them to other than proper uses; and that they are conspiring to use the assets of the corporation for their own benefit to the irreparable detriment of the corporation and its creditors, alleging that the corporation does not possess sufficient liquid assets to pay its debts, and that its real estate cannot be sold because of lack of demand therefor. Plaintiff further alleges that he advanced $10,000 to the corporation, received therefor its note, which was about to outlaw, and that defendant Charles Heffner refused to allow the corporation to pay the note in whole or in part or to renew the same. Further, it is alleged that the defendant Charles Heffner removed the corporate books from the office of the corporation and has deprived plaintiff of all right to participate in the management or carrying on of the corporate business. Plaintiff avers that he fears certain checks signed by defendants Heffner will be issued for purposes not consistent with the welfare of the corporate business, and that said defendants will dispose of the corporation's real estate to its detriment unless enjoined by the court. Further, that the ousting of plaintiff from the corporate business is in furtherance of a scheme of Charles Heffner to ''freeze'' plaintiff out of the corporation and force him to sell his stock therein at an unconscionably low price; and in consequence thereof, and of other alleged facts recited in the bill, that plaintiff will suffer irreparable loss unless a receiver is appointed ''to take charge of said business and to liquidate the same.'' The prayer is for injunctive relief, for a receiver, that the election of Mrs. Heffner as secretary-treasurer be held void and set aside, and that certain mortgages referred to in the bill of complaint and alleged to be invalid may be set aside as unlawful incumbrances. There

is also the prayer for general relief; and permission in open court was given to amend the prayer of the bill by asking for a dissolution of the corporation.

Appellants' answer contains denials of many of the material allegations in the bill of complaint and makes counter charges against plaintiff of misconduct relative to the corporate business. Disagreements between the parties led to litigation prior to the instant suit. A supposed settlement of the former litigation was consummated, but its validity is challenged in the bill of complaint herein. At the opening of the hearing on the motion to appoint a receiver defendants' attorney said:

"On the face of it, but the situation is this. We have been attempting for three years, Mr. Heffner has, for three years, to get the assets of this company liquidated to meet its obligations."

And in the course of giving their testimony both Mr. Flemming and Mr. Heffner testified in substance that the business should be closed up as rapidly as possible.

Testimony was taken at length before the trial court, and his statements in the record after hearing the parties indicate clearly that he concluded defendants Heffner were attempting to take an unconscionable advantage of plaintiff. In part the court said:

"The whole matter is before this court on an application for receiver. The position of the defendant * * * is certainly not an equitable position to say that a man who has half the stock will exclude the other from any control of the corporation in which he owns 50 per cent. The affairs of the corporation, under the evidence that has been produced before me, are in a chaotic condition."

Under this record, appellants' contention that the allegations contained in the bill of complaint and the showing made before the trial court are not sufficient to justify the appointment of a receiver cannot be sustained. In an evident effort to make the receivership as little of a burden as possible, the trial court in the first instance appointed Mr. Heffner receiver, but he refused to qualify. Thereupon the order was vacated and the present receiver appointed.

"The general rule undoubtedly is that courts of equity have no power to wind up a corporation, in the absence of statutory authority. This rule is, however, subject to qualifications. It has been held that, when it turns out that the purposes for which a corporation was formed cannot be attained, it is the duty of the company to wind up its affairs; that the ultimate object of every ordinary trading corporation is the pecuniary gain of its stockholders; that it is for this purpose, and no other, that the capital has been advanced; and if circumstances have rendered it impossible to continue to carry out the purpose for which it was formed with profit to its stockholders, it is the duty of its managing agents to wind up its affairs." *Miner* v. *Belle Isle Ice Co.*, 93 Mich. 97, 112 (17 L. R. A. 412).

"When dissension among those in charge of a corporation gets too bad, it is necessarily impossible for the corporation to attain the objects for which it was formed and failure is inevitable.

"Defendant insists that a corporation can only be dissolved upon suit of the State or by following certain statutory procedure. This is doubtless true when it is sought to accomplish a *de jure* dissolution. A *de facto* dissolution or winding up of a corporation's business and distribution of its assets may,

however, be effected through the chancery court in other suits." (Citing authorities.) *Nashville Packet Co.* v. *Neville,* 144 Tenn. 698 (235 S. W. 64).

There are many authorities which uphold the power of a court of chancery to dissolve a corporation because of dissensions of so serious a character as under the circumstances will inevitably defeat the purpose for which it was created. Especially is such the holding in cases where there are only a few stockholders, so that the corporation for practical purposes, as between those interested, is much like a partnership. See 14a C. J. pp. 1123, 1124; *Green* v. *National Advertising & Amusement Co.,* 137 Minn. 65 (162 N. W. 1056, L. R. A. 1917 E, 784); *State, ex rel. Conlan,* v. *Oudin, etc., Manfg. Co.,* 48 Wash. 196 (93 Pac. 219); *Nelson* v. *United Elevator Co.,* 115 Kan. 567 (223 Pac. 814). The conditions under which an equity court by reason of its inherent power may dissolve a corporation were recently considered by Mr. Justice FEAD in *Stott Realty Co.* v. *Orloff,* 262 Mich. 375.

The orders of the circuit court denying the motion to dismiss the bill of complaint and denying the motion to dissolve the temporary injunction, and also the order appointing a receiver are affirmed; and the case remanded. Appellee will have costs taxed against appellants Charles and Pearl K. Heffner.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.