SECURITIES AND EXCHANGE COMMIS-
SION v. FISCAL FUND, Inc.
Civ. A. No. 283.

District Court, D. Delaware.

Jan. 12, 1943.

Edward H. Cashion, of Washington, D. C., Eugene M. Kline, of New York City, Edward C. Jaegerman, of Washington, D. C., and John F. Davis, of Philadelphia Pa., for plaintiff.

No appearance for defendant.

LEAHY, District Judge.

This is an action by the Securities and Exchange Commission under Sec. 42(e) of the Investment Company Act of 1940 to enjoin Fiscal Fund, Inc.,[1] a Delaware corporation, from violations of Secs. 22(e), 30(b) (1) and 30(d) of the Act and to enforce compliance with those sections. Because of circumstances which I shall detail subsequently, the Commission also asks for a permanent receiver to wind up and liquidate Fiscal.[2] Fiscal is a management[3] investment company of the open end[4] diversified[5] type. It is duly registered under the Act as an investment company[6]. By its constituent agreements it is to be managed by another company which must, for a stated fee,[7] furnish all services, in-cluding management, investment advice and clerical assistance, and pay all operating expenses of the fund.

At the present time, Fiscal has outstanding two series of beneficial shares. One, owned by 589 persons, represents insurance shares; the other, owned by 709 persons, represents bank shares. Total value of all shares is approximately $640,000. No beneficial shares have been sold for the past two years and none can now be sold because of Fiscal's failure to comply with the prospectus requirements of the Securities Act of 1933. Fiscal has had neither a valid management contract nor a valid investment advisory contract since November 1, 1940.

Fiscal's most crucial violation of the Act has been of Sec. 22(e)[8]. Under the terms of the beneficial shares and of Fiscal's custody agreement with Security Trust Company of Wilmington, Delaware, redemption is available to the shareholders at their option by making request of the custodian, who then gives notification to Fiscal which is required to sell from the appropriate underlying securities whatever shares it deems advisable in order to place the custodian in ample funds to carry out the redemption. It thereafter must deliver to the custodian a certificate signed by two officers and stating which securities should be delivered to brokers for sale. Since December 10, 1942, the custodian has been compelled to dishonor all requests for redemption because it has had no cash and has been unable to obtain any because Fiscal has had no management to make the sales or officers to sign the required author-

---

[1] In this opinion I refer to the Securities and Exchange Commission as the "Commission"; to Fiscal Fund, Inc., as "Fiscal"; and to the Investment Company Act of 1940, 15 U.S.C.A. § 80a—1 et seq., as the "Act".

[2] On December 18, 1942, on the Commission's motion, I granted a temporary restraining order and appointed a temporary receiver. Hearing on the Commission's motion that this relief be made permanent took place on January 7, 1943, but I adjourned the cause until January 12, 1943, inasmuch as Fiscal's answer was not due until January 11, 1943. At the time of the filing of this opinion, however, no appearance has been entered on behalf of Fiscal, and despite a voluminous notice sent to shareholders, none of them has ever appeared before this court. Nevertheless, I prefer to decide this matter on the merits rather than on the basis of defendant's default.

[3] Sec. 4(3), 15 U.S.C.A. § 80a—4(3).

[4] Sec. 5(a) (1), 15 U.S.C.A. § 80a—5 (a) (1).

[5] Sec. 5(b) (1), 15 U.S.C.A. § 80a—5 (b) (1).

[6] Sec. 8, 15 U.S.C.A. § 80a—8.

[7] On the basis of Fiscal's present portfolio, approximately $3,000 per annum.

[8] 15 U.S.C.A. § 80a—22(e): "No registered investment company shall suspend the right of redemption or postpone the date of payment or satisfaction upon redemption of any redeemable security in accordance with its terms for more than seven days after the tender of such security to the company or its agent designated for that purpose for redemption. * * *."

ization certificate. Indeed, since its stockholders elected five directors at their last meeting on February 5, 1942, four of them resigned,[9] leaving only Major Howard E. Norris, President of the company, who, though the only director and the only officer, is now out of the country with the armed forces and therefore unavailable. Thus Fiscal has in effect indefinitely suspended the right of redemption of its shares and has postponed the date of payment upon redemption of its redeemable securities for more than seven days after tender.

1. *Jurisdiction and venue.* As stated, Fiscal has violated Sec. 22(e) of the Act. It has also failed to comply with Sec. 30(b) (1) and Rule N-30 B-1, requiring quarterly reports to the Commission, and with Sec. 30(d) and Rule N-30 D-1, requiring semiannual reports to shareholders. Sec. 42(e) of the Act authorizes the Commission to bring an action in the proper District Court to enjoin any person from any violation of the Act or of rules, regulations or orders thereunder and to enforce compliance with the same.

The venue provisions of Sec. 44 permit such action to be brought in the district wherein the defendant is an inhabitant or transacts business. Fiscal is a Delaware corporation and transacts business here.

2. *Injunctive relief.* As stated, the section of the Act the violation of which gives the Commission its greatest concern is Sec. 22(e). From the facts presented, it is apparent that Fiscal has been violating and failing to comply with this section by making it impossible for the custodian to redeem. I accordingly shall grant a permanent injunction—mandatory and prohibitory—against violations of Sec. 22(e).

3. *Appointment of a permanent receiver.* Inasmuch as Fiscal has no functioning management, the Commission suggests that I appoint a receiver to take over control of the company. The appointment of a receiver to carry out its orders is a normal process of a court of equity. As is frequently stated, a receivership is an ancillary remedy to carry out the primary relief granted in a cause. Here, I desire to enforce compliance with Sec. 22 (e), but there is no one to whom my in-

junction can effectively run. I shall therefore make permanent the appointment of Howard F. McCall as receiver of Fiscal.

4. *Liquidation.* The question here is whether the receiver should endeavor to reconstruct Fiscal by having a new board of directors elected by the shareholders under court supervision or should simply terminate the existence of an obviously losing proposition and return to the shareholders what remains of their investment.

From the evidence adduced by the Commission at the hearing on January 7, 1943, it is clear to me that there has been a complete and irremediable failure of corporate purpose and of corporate management. As disclosed by the expert testimony of Mr. Harry Heller, the advantages of an investment company of Fiscal's type are: (1) The availability for a small investment of an interest in a portfolio of securities selected and supervised by experts and (2) complete liquidity of investment by way of the redemption option. But Fiscal is receiving no investment advice and has defaulted in its redemptions. Its shareholders are receiving none of the service for which they bargained.

Other facets of the complete collapse of Fiscal's structure include (1) failure to instruct the custodian as to what underlying portfolio securities it is to buy or sell, (2) failure to mail its semiannual report to shareholders, (3) failure to file its quarterly report with the Commission, (4) failure to declare the semiannual dividend required under its custody agreement, (5) failure to pay for the services of its Delaware statutory resident agent, (6) failure to file its annual corporation report as required under the General Corporation Laws of the State of Delaware, (7) failure to pay the bills of two of its accountants, (8) failure to file its semiannual report with the Department of Licenses of the State of Washington, (9) failure to prosecute its appeal with regard to a certain assessment to the Hudson County, New Jersey, Board of Taxation, (10) failure to defend two lawsuits brought by an alleged former attorney and a director for alleged services, (11) failure to pay certain sums due the custodian, (12) failure to file its Federal capital stock tax return due November 28, 1942, (13) failure to reply to

---

[9] Two additional directors were appointed by the board on August 1, 1942. However, Sec. 16(a) of the Act, which provides that at least two-thirds of the directors must be elected by a majority of the certificate holders, invalidated their appointment.

certain communications from the Treasury Department affecting its tax liability, and (14) failure to reply to numerous inquiries from shareholders as to the status of the company.

Fiscal's shareholders have for some time recognized the failure of their investment by steadily requesting redemption.[10] In fact, beginning August of 1942, representatives of the Commission attempted to stimulate presumably interested parties to submit a plan of reconstruction looking to the creation of an independent board of directors, with capable officers and a responsible management company. They received no response.

I can see no substantial hope of ever reviving this business. It cannot continue to function under its present set up. As stated by the Commission in its brief: "The reason for the failure of interested parties to obtain new management and to restore Fiscal to its intended functions is obvious. The management or maintenance fee of $3,000 per annum is too small to attract any disinterested, competent management. Furthermore, any increase in the fee would require 75% approval of the beneficial shareholders, would substantially alter their investment, would absorb a disproportionate share of Fiscal's meager income and would undoubtedly result in a flood of voluntary redemptions which would only aggravate and intensify the situation."

In seeking the source of power to order liquidation, I need not look to the statutory or decisional law of the State of Delaware, as the remedial rights of a federal court of equity cannot be enlarged or limited by state law. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763. As recently as two weeks ago, this Circuit decided that the "form of equitable relief to be given by a federal court * * * must be determined by federal law and not by state decisions." Orth v. Transit Investment Corporation, et al., 3 Cir., 132 F.2d 938 following Maxwell v. Enterprise Wall Paper Mfg. Co., 3 Cir., 131 F.2d 400, and Black & Yates, Inc. v. Mahogany Associa-

tion, Inc., 3 Cir., 129 F.2d 227, cert. den. 63 S.Ct. 76, 87 L.Ed. ——.

There is a well-established power in the Federal Court sitting as a court of equity to order liquidation of a solvent corporation where there is no other course available to remedy a situation which is inequitable to the stockholders. Tower Hill-Connellsville Coke Co. v. Piedmont Coal Co., 4 Cir., 64 F.2d 817, 91 A.L.R. 648, certiorari denied 290 U.S. 675, 54 S.Ct. 93, 78 L.Ed. 582; Potter v. Victor Page Motors Corp., D.C., 300 F. 885; Saltz v. Saltz Bros., 65 App.D.C. 393, 84 F.2d 246, certiorari denied 299 U.S. 567, 57 S.Ct. 31, 81 L.Ed. 418; Fletcher, Cyc. of Corporations (Perm.Ed.) §§ 7713, 7723, 8066. This power is an obvious corollary of the proposition that once a court of equity has taken jurisdiction it may and should retain that jurisdiction to do complete justice. Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669; Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612. It has been exercised where dissension and deadlock are present as well as in the absence of corporate management and failure of corporate purpose. Hornstein, A Remedy for Corporate Abuse, 40 Col.L.Rev. 220, 224. In the instant case, where it is barely possible to detect the faint beating of the corporate pulse, where failure of management is obvious, and failure of corporate purpose is permanent and irremediable, it would be a palpable injustice to the shareholders not to take immediate steps looking to a refund of their investment—particularly where such action is urged by the Commission, which Congress has designated as the general supervisor of all investment companies.

Nor have I any doubt as to the court's right to exercise this general equity power upon the Commission's application. The authorizing statute (Sec. 42(e) of the Act) permits the Commission to bring an action "to enjoin [violative] acts or practices and to enforce compliance with" the Act. As demonstrated, the sole practical method of enforcing Sec. 22(e) here is by

---

[10]

| Date | Number of bank shares outstanding | Number of insurance shares outstanding | Date | Number of bank shares Outstanding | Number of insurance shares outstanding |
|---|---|---|---|---|---|
| Dec. 31, 1940 | 274,714 | 389,486 | June 30, 1941 | 144,115 | 168,504 |
| June 30, 1941 | 194,465 | 265,483 | Dec. 31, 1942 | 136,117 | 146,665 |
| Dec. 31, 1941 | 159,831 | 209,251 | | | |

ordering liquidation. Therefore, I am of the opinion that the quoted language of Sec. 42(e) must be construed, under the particular circumstances of this case, to include the right to apply for liquidation.

Findings of fact and conclusions of law have been filed herein in conformity with Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Let an order be submitted in conformity with this opinion.