### ROBERTS v. HERMANN.

1. CORPORATIONS—DISSOLUTION—EQUITY—ACCOUNTING.

> Where principal reason for stockholder's suit against sole other stockholder was to get an accounting from defendant as treasurer of the corporation and trial court found that all of the assets of the corporation belonged to plaintiff free from claims of defendant, it is unimportant that trial court failed to dissolve corporation, although under certain conditions chancery courts may dissolve corporations.

2. SAME—DISTRIBUTION OF ASSETS—EQUITY.

> A chancery court may, when a corporation is virtually dead but has assets which cannot be used in carrying out the purposes of the corporation, distribute such assets among its members upon an equitable basis.

3. SAME—DISTRIBUTION OF ASSETS—EVIDENCE.

> Where plaintiff and individual defendant were sole stockholders of defendant corporation, organized to own and operate a summer hotel, finding of trial court in suit for accounting and dissolution that individual defendant was entitled to all the corporation's assets free from claims by plaintiff *held,* justified by record.

4. ACCOUNTING—AUDIT—ESTOPPEL.

> In suit for accounting and dissolution of summer hotel corporation, plaintiff may not complain that trial court used audit made some three years previously as basis for decree where plaintiff failed to contribute share of amount for cost of a subsequent audit.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 6, 1945. (Docket No. 25, Calendar No. 42,895.) Decided October 8, 1945.

Bill by Edward J. Roberts against Nicholas Hermann for an accounting of assets of a corporation, its dissolution and money decree. Hermann's Idle Hour, Incorporated, added as party defendant. Cross bill by Nicholas Hermann against plaintiff to have lien impressed on plaintiff's stock in the corporation and money decree. Cross bill by defendant corporation against plaintiff for similar relief. Decree for defendants. Plaintiff appeals. Affirmed.

*Louis B. Ver Wiebe,* for plaintiff.

*R. Noble Wetherbee,* for defendants.

SHARPE, J. This case involves the determination by a chancery court of the respective rights of the two sole stockholders in the assets of a corporation which operated a summer hotel at St. Clair Flats.

The hotel property is owned by the State of Michigan and several years ago was leased for a term of 50 years to one Aaron DeRoy who sold his interest in the same on contract to one Norman Soderlund. Mr. Soderlund was unable to keep up the contract and it was terminated by the Aaron DeRoy estate and then sold by it directly to defendant Nicholas Hermann.

In March, 1940, plaintiff, Edward J. Roberts, and defendant Nicholas Hermann incorporated under the name of Hermann's Idle Hour, Inc., for the purpose of owning the leasehold interest and operating the above-mentioned summer hotel. In the articles of incorporation, plaintiff and defendant Hermann are listed as the owners of 500 shares each of common stock. The hotel was purchased for the sum of $8,641.70. Defendant Hermann made an original investment of $6,456.72 and plaintiff originally invested $1,000 in the business. Plaintiff gave

his note for $2,728.36 to defendant Hermann secured by his stock for the difference. The hotel was operated by Roberts and Hermann and their wives without compensation during the summer season of 1940. After the 1940 summer season, the hotel remained closed until June, 1942, when defendant Hermann leased the premises to the United States Coast Guard for use as a training station at a rental of $1 a year. The premises were occupied by the United States Coast Guard until October 31, 1942.

In June, 1942, plaintiff filed a bill of complaint in the circuit court of Wayne county, in chancery, in which it is alleged that plaintiff and defendant Hermann formed a partnership wherein it was agreed that each party would have a half interest in and to a certain lease of personal property; that in pursuance of said agreement the parties formed a corporation known as Hermann's Idle Hour, Inc.; that defendant had charge and management of the partnership books and has taken and applied to his own use large sums of money from the receipts and profits of the business; that in April, 1942, defendant mailed a notice of a meeting of the incorporators of Hermann's Idle Hour, Inc.; that such meeting was not called in accordance with the by-laws of the corporation; that at said meeting held on April 23, 1942, and after the corporation was dissolved, the meeting proceeded to disenfranchise and deprive plaintiff of 350 shares of stock in said corporation, leaving plaintiff with only 150 shares of stock; and that defendant Hermann is proceeding to collect the accounts owing to said partnership. By way of relief, plaintiff asks for a dissolution of the partnership and that defendant pay to plaintiff whatever sum of money shall be found to be due him; that plaintiff be decreed to be a half owner in the lease; and that a proper person be appointed a receiver of the property.

On November 2, 1942, plaintiff filed an amended bill of complaint in which it is alleged that articles of incorporation were executed about March 12, 1940, which corporation was known as Hermann's Idle Hour, Inc.; that on April 3, 1940, the leasehold interest in the hotel property was assigned to the corporation; that the business was operated at St. Clair Flats; that the operation of the hotel business resulted in large profits, but that defendant Hermann claimed there were large losses, which statements were false. By way of relief, plaintiff asks that there be a complete accounting of all assets of the corporation; and that the corporation be dissolved according to law.

Defendant Hermann filed an answer to the amended bill of complaint and denies that the business was operated at a profit. He also filed a cross bill of complaint in which he alleges that prior to or at the time of the incorporation defendant Hermann advanced $6,456.72, while plaintiff Roberts advanced only $1,000; that to equalize said investments, plaintiff executed and delivered to defendant a promissory note in the sum of $2,728.36 with interest at six per cent. due in one year; that no part of the note and interest has been paid; that under the terms of the preincorporation agreement of March 12, 1940, plaintiff agreed to place his 500 shares of stock in the corporation as collateral to said note.

The corporation, under an order of the trial court, was made a party to the suit and it also filed a cross bill of complaint in which it is alleged that during the fall of 1940, plaintiff, Roberts, removed from the premises a large quantity of furniture, rugs, linens, lamps, glassware and other articles valued at $2,500; that the one season the hotel was operated, resulted in a loss of approximately $1,300; that since March 31, 1941, defendant Hermann has paid

out for the benefit of the corporation a sum of approximately $4,700 in addition to the 1940 operating loss of approximately $1,300; and that since March 31, 1941, plaintiff has contributed the sum of $85 for interest, $145 for one-half of the 1940 tax and $517 for one-half of a principal and interest payment on the lease.

The cause came on for trial and the trial court on March 31, 1944, entered a decree in which he dissolved the corporation and ordered a sale of the property within two weeks at the highest price obtainable. On April 10, 1944, plaintiff filed a motion to set the order or decree aside because to sell the property within two weeks would result in irreparable damage to plaintiff; and because a proper inventory and audit had not been made of the property of the corporation. On April 14, 1944, defendant Hermann made an offer to purchase the assets of the corporation for the sum of $7,200. On April 25, 1944, an order was entered requiring plaintiff and defendant Hermann to each deposit the sum of $200 for the payment of the cost of an audit. Mr. Hermann paid said sum to the clerk of the court, but plaintiff failed to do so.

Thereafter, on May 19, 1944, the trial court entered a decree in which he found that of the original investment of $7,456.72, the sum of $6,456.72 was contributed by defendant Hermann and $1,000 by plaintiff; that to equalize the investment plaintiff executed and delivered to defendant his note, dated March 5, 1940, in the amount of $2,728.36 payable in one year with interest at six per cent; that by the terms of the agreement dated March 12, 1940, plaintiff pledged his 500 shares of stock as security for the payment of the note; that said note is unpaid and that on May 5, 1944, the amount due on said

note is the sum of $3,410.44; that the amount due on said note may be decreed a first lien upon plaintiff's stock; that in March, 1941, an audit of the business was made which showed an excess of disbursements over receipts in the amount of $2,405.06 and unpaid debts of $493.60; that since March 31, 1941, defendant Hermann has expended for the benefit of the corporation the sum of $5,635.66 for unpaid debts, contract payments, taxes, and insurance; that the total investment of defendant Hermann is the sum of $15,216.29 and the total investment of plaintiff is the sum of $1,754.84; that 48 days have elapsed since the property was ordered sold, during which time plaintiff failed to find a buyer for said property; and ordered that all of the assets of the corporation belong to defendant Hermann free and clear of any and all claims of plaintiff.

On June 12, 1944, plaintiff filed a motion to vacate the decree because the corporation was not properly dissolved and because the decree was inequitable. This motion was denied and plaintiff appeals.

We note that in plaintiff's amended bill of complaint he seeks an accounting and a dissolution of the corporation; that the record shows that all creditors of the corporation have been paid; and that the trial court found that the corporation was dissolved by certificate of dissolution filed on November 2, 1942, with the Michigan corporation and securities commission and no decree of dissolution was necessary.

The principal reason for plaintiff's filing suit was to get an accounting from defendant Hermann as treasurer of the corporation. Whether the corporation had been dissolved, as found by the trial court, or still exists as a corporation, as claimed

by plaintiff, is of no particular importance as chancery courts, under certain conditions, may dissolve corporations. See *Stott Realty Co.* v. *Orloff,* 262 Mich. 375; and *Flemming* v. *Heffner & Flemming,* 263 Mich. 561.

Of paramount importance is the right of a court of chancery to distribute the assets of a corporation among its stockholders.

In *Stamm* v. *Northwestern Mutual Benefit Association,* 65 Mich. 317, 331, we said:

"Upon principle, as well as upon authority, I think that, when a corporation is virtually dead, although its term of existence limited by law has not expired, and it has property or assets which cannot be used in carrying out the purposes of the corporation, remaining in the hands of the corporation, this Court has jurisdiction to distribute such property and assets among its members upon such a basis as shall be just and equitable."

In our opinion, the record in this case justified the trial court in distributing the assets of the corporation.

It is next urged by plaintiff that the business was operated at a profit during the season of 1940. Plaintiff claims that the profit was approximately $4,000, while defendant Hermann urges that there was an operating loss in excess of $2,400. It appears that in March, 1941, an audit was made of the business done in 1940. This audit shows an excess of disbursements over receipts in the amount of $2,405.66 with unpaid bills in the sum of $493.60. While plaintiff challenges the accuracy of this audit, we have in mind that he refused to bear a part of the expense of an audit ordered by the trial court. Under such circumstances the trial court was justified in using the 1941 audit as a basis for his conclusions.

We have carefully examined the record and con-
clude that there is competent testimony to sustain
the findings of the trial court.

The decree is affirmed, with costs to defendant.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL,
BOYLES, and REID, JJ., concurred. The late Justice
WIEST took no part in the decision of this case.