28 So.2d 633

**COWIN et al. v. SALMON et al.**

6 Div. 300.

Supreme Court of Alabama.

Oct. 24, 1946.

Rehearing Denied Jan. 16, 1947.

Horace C. Wilkinson, of Birmingham, for appellant.

Cabaniss & Johnston, E. T. Brown, K. E. Cooper, and Forney Johnston, all of Birmingham, for appellees.

582

PER CURIAM.

This is an appeal from a decree of the circuit court, in equity, at the suit of appellee whereby the court ordered in one decree the dissolution of two corporations, one is that of Salmon & Cowin, Inc. Mining Engineers & Contractors, and the other is the Mine & Contracting Supply Co., Inc. The two corporations are affiliates, and the stock is owned by the same parties in the same proportions. The appeal affects that feature of the decree relating to Salmon & Cowin Inc. Mining Engineers & Contractors, by agreement leaving in full force that part of it relating to the Mine & Contracting Supply Co., Inc. Instead of a liquidation of the Mine & Contracting Supply Co., Inc., under the decree, the parties agreed that this be not consummated, and in lieu thereof, appellee sold to appellant her stock in said corporation. The court confirmed the agreement of the parties whereby liquidation was eliminated by reason of such sale, entering a decree in part as follows:

"The agreement hereto attached is approved. Said agreement is used in lieu of dissolution and liquidation of said Mine and Contractors Supply Company, Inc., herein called the Supply Company. So much of said former decree herein as decreed the dissolution of the Supply Company and the liquidation of its assets for account of the shareholders, and receivership of its assets is vacated and annulled ab initio, the purpose of said previous decree having been accomplished by said agreement of the parties in interest, and by consent any liability, if any, of the Mine Contractor's Supply Company, Inc., for any part of the costs of this proceeding are terminated and nothing herein contained shall in anywise prejudice the right of any party in the appeal now pending in the Supreme Court of Alabama from the decree of October 31, 1944.

"This 15th day of December, 1944."

After the submission of this cause on appeal, appellant made a motion in this Court to set aside the submission, and to have added to the record a certified copy of said supplemental decree and agreement, and to resubmit on the record thus en-

larged. This court refused to grant said motion and proceeded to consider the cause on the original submission.

But having information thus obtained of said agreement, we entertained the view that the effect of that situation was to eliminate a status which we had held in a case between the parties reported in 244 Ala. 285, 13 So.2d 190; to the effect that specific performance be denied appellant because of the status created by the stock of the Mine & Contracting Supply Co., Inc., and on that account we vacated the final decree and remanded the cause so that the question could again be considered as to specific performance in the light of changed conditions, brought about by the decree from which the appeal was taken.

On rehearing we have reached the conclusion that we should not have so acted. We think that the agreement merely effected a result in line with the decree as to the Mine & Contracting Supply Co., Inc., and in the same decree as that from which the appeal is pending. It is the same situation in this respect as if the decree had been carried into effect dissolving and liquidating the Mine & Contracting Supply Co., Inc.

We do not think that specific performance as to the stock of Salmon & Cowin, Inc. Mining Engineers & Contractors can be aided by a status created by the same decree which ordered a dissolution and liquidation of both corporations. So that the liquidation under that decree can have no influence on the validity or righteousness of that part of it which ordered the liquidation of the other. It cannot have such retroactive effect and the decree as rendered must be considered on the status of the record as it stood when the decree was rendered. This theory is magnified by that clause of the agreement, as disclosed by the decree, to the effect: "And nothing herein contained shall in anywise prejudice the rights of any party in the appeal now pending in the Supreme Court of Alabama from the decree of October 31, 1944." That clause we think effectuates the theory which we now entertain as to the effect of the liquidation of the Mine & Contracting Supply Co., Inc., of the sale of the stock in that company by appellee to appellant as a more desirable procedure than its liquidation in fact under the decree.

Our original opinion is accordingly withdrawn and we proceed to a consideration of the merits of this appeal.

As shown by the opinion of this court in the first case, the trial court declared and this court affirmed that Mrs. Salmon, as stockholder, was entitled "to have the affairs of said corporations administered under the direction of and pursuant to the authority of their respective Boards of Directors." Cowin v. Salmon, 244 Ala. 285, 288, 297, 13 So.2d 190, 193, 200. The occasion for the aforesaid holding was the charge by Mrs. Salmon that P. G. Cowin had usurped and was exercising all corporate powers and functions not only in repudiation of her status as director but of her rights as a stockholder to demand meetings of directors to authorize and consider corporate action before it was taken and elect and supervise officers and agents.

P. G. Cowin owns one-half of the stock in the Salmon & Cowin, Inc. Mining Engineers & Contractors, while Mrs. Salmon owns the other half. They are the sole members of the Board of Directors. Mine & Contractors Supply Company, Inc., has been expressly excepted from the operation of this appeal by agreement of the parties.

In this case P. G. Cowin has taken the position that he will not be associated with Mrs. Salmon and will not call or attend a meeting of either stockholders or directors. The result is that all functions of the Board of Directors and stockholders have become deadlocked and accordingly all corporate power and authority has been left in P. G. Cowin as a holdover officer, recognizing subordination and responsibility to no one.

Section 22, Title 10, Code of 1940, is as follows:

"Every corporation organized under article one of the preceding chapter must have at least three directors, who shall be owners of stock of the corporation, and who shall be elected annually, and hold

584

office for one year, and until their successors are elected."

■ The basic right to fair board control has been declared by this court. Altoona Warehouse Co. v. Bynum, 242 Ala. 540 [543], 7 So.2d 497, 502, was a case alleging misconduct by the board elected and reflecting the interest of the majority stock; but in arriving at the conclusion that the complainants stated a case for relief this court referred with approval to the principle that courts of equity will not permit action by a board that has the effect of unfairly destroying the "underlying, original, corporate entente cordiale."

Contrary to the views expressed by some courts, this court does not consider that a court of equity must forego relief where nothing short of liquidation is adequate even if dissolution follows. This is not a case by minority stockholders objecting to the exercise of corporate authority of a majority of the board. This is a case where P. G. Cowin's final determination has deadlocked and paralyzed the corporate function. Securities and Exchange Commission v. Fiscal Fund, D.C., 48 F. Supp. 712; 91 A.L.R. p. 677.

In Fisher v. Bankers' Fire & Marine Ins. Co., 229 Ala. 173, 155 So. 538, this court cited Bowen v. Bowen-Romer Flour Mills Corp., et al., 114 Kan. 95, 217 P. 301, 303, 43 A.L.R. 238. In the Bowen case, one-half of the stock was owned by the Romers and one-half by the Bowens. There was a Board of Directors, consisting of five members, but one of them had resigned, leaving two Romers and two Bowens on the Board. The Romers had complete custody and control of the corporate plant and property, and exclusive management of corporate affairs. The corporation was a solvent, going business. There was an irreconcilable breach between the two factions, with no prospect of composing their differences. In this situation, Bowen, the stockholder who was denied participation in corporate procedure, brought the suit for accounting, dissolution and for a receiver. Said the court:

"If plaintiffs do not constitute a majority of the stockholders, neither are they a minority. Because the stockholders are in a deadlock, the vacancy in the board of directors cannot be filled. Because of the deadlock in the board, the corporation has no managing body, as the law requires. No lawfully authorized and directed step can be taken to achieve the corporate purposes. One group of belligerents has possession of the corporate property and control of its business affairs, and is taking advantage of the opportunity to oppress the other group. Must this situation continue until the period of corporate existence expires, or until Bowen, unable to stand the financial strain, must sell his stock to Romer at Romer's price, and so be frozen out? * * *

"In equity, impossibility of attaining corporate objects is as good ground for putting an end to operations as inevitable insolvency (1 Morawetz, §§ 284, 285 and cases cited), and if it shall be found impossible for this corporation to function as a corporation through its own proper agencies, no reason is apparent why its business should not be wound up and the assets distributed."

In State ex rel. Conlan v. Oudin & Bergman Fire Clay Min. & Mfg. Co., 48 Wash. 196, 93 P. 219, 220, the court said:

"The rival stockholders herein seem unable to agree as to the management and control of the corporate affairs. This is the eighth appeal to this court by these parties, or those interested in this matter, and we are informed that another appeal is now on the way. As the stock is held entirely by three stockholders, two of whom are husband and wife, considerations do not obtain which might, if there were numerous stockholders not directly responsible for the controversy and the present condition of the corporation. We see no reason for not dissolving this corporation, which for over four years has been impotent and unable to legally transact any business on account of the controversy and ill feeling existing between the parties who own, each, half of the stock."

In the case of Boothe v. Summit Coal Mining Co., 55 Wash. 167, 104 P. 207, 211, 19 Ann.Cas. 1255, the court said:

"In the instant case, there is no control of the corporation by a board of trustees, sustained by a majority of the stock, although originally the present board may have been legally elected. In practical operation there is no deliberative board. R. J. Linden has as full, complete, and dictatorial control as did Oudin in the case cited, and although the corporation here involved is solvent, such a condition is inequitable and should not be permitted. It does violence to the elementary idea that a corporation is to be controlled by a governing board, representing a majority of the stock. No majority is in control nor can it obtain control. The deadlock is complete, absolute, to all appearances permanent, and R. J. Linden arbitrarily controls and manages the estate of Boothe, whose rights are, and should be, equal to his.

\* \* \* \* \* \*

"While we recognize and adhere to the doctrine that a court of equity should hesitate before appointing a receiver over a solvent corporation, and should make such an appointment in exceptional instances only, yet we are constrained to hold that equity, good conscience, justice, and the rights of the parties demand such an appointment in this case. \* \* \*"

In Grand Lodge, K. P., v. Shorter, 219 Ala. 293, 122 So. 36, 40, this court said:

"The chancery court will not as a rule take charge of a corporation and wind up its affairs except in case of insolvency. Exceptions are when there is no properly constituted governing board, or because there are such dissensions among them as to make it impossible to carry on its business."

See also Van Antwerp Realty Corporation v. Cooke, 230 Ala. 535, 162 So. 97; 19 C.J.S. Corporations, § 1672, p. 1448; 13 Am.Jur. 1180.

■ In view of the deadlock and paralysis of corporate function, the primary equity of liquidation and distribution was established. From this it follows that the court has inherent powers to order dissolution—that is, to get rid of a shell from which all assets have been liquidated—and to appoint a receiver and decree an accounting as incidental relief. Burg v. Smith, 222 Ala. 600, 133 So. 687; Securities and Exchange Commission v. Fiscal Fund, supra.

Appellant claims to be the owner of all the stock not only under the stock purchase agreement set forth in the opinion of this court in Cowin v. Salmon et al., supra, but also under an alleged agreement made by Mrs. Salmon after her husband's death. We have examined the evidence in this latter regard with great care and agree with the trial court that such agreement is not sustained by the evidence.

It results that rehearing is granted, judgment of reversal set aside, and judgment is entered affirming the decree of the lower court.

All the Justices concur.