This is an action seeking dissolution of a corporation by a shareholder who owns one-third of the outstanding shares of stock. The trial court held that no grounds for dissolution of the corporation exist. We affirm.
The trial court, hearing evidence presented ore tenus, entered the following findings:
 "1. That the plaintiff Burton C. Abel, Jr., is a minority stockholder in the defendant corporation Forrest Realty, Inc., having obtained in 1969 one-third (1/3) of the outstanding shares in said corporation.
 "2. That for many years plaintiff Burton C. Abel, Jr., served as a director and officer of said corporation and was engaged in the active management of said corporation during the period of time from 1969 through 1982.
 "3. That Forrest Realty, Inc., is the owner of an office building located in Gadsden, Alabama, in which [are] housed the offices of King and Hindsman Accounting firm and that the said accounting firm pays a rental to the defendant corporation Forrest Realty, Inc., and that the only business activity of said Forrest Realty, Inc., is the rental of office space to the accounting firm.
 "4. That the defendant George King, Jr., is a principal in the King and Hindsman Accounting firm and is also a principal and controlling stockholder in Forrest Realty, Inc.
 "5. Following the departure of the plaintiff Burton C. Abel, Jr., from his association with George King, Jr., and their accounting firm, the firm of King and Hindsman began to charge certain professional fees to Forrest Realty, Inc., representing fees earned in doing a minimal amount of annual accounting, such fees having not been charged to Forrest Realty, Inc., during the time of the plaintiff Burton C. Abel, Jr.'s association with the accounting firm.
 "6. That at an annual stockholders' meeting held in September 1983, the stockholders who were present elected a new slate of directors which excluded the plaintiff Burton C. Abel, Jr. *Page 1071 
 "7. That the by-laws were enacted and an amendment to the corporate charter was made after Mr. Abel's departure and that the result of such by-laws and charter amendment was to permit the election of corporate directors who did not own stock in the corporation. (The original charter required that all directors be stockholders in the corporation.) As a result, a non-stockholding director was elected.
 "8. The plaintiff produced evidence that in addition to the changes in the active management of the defendant corporation and the charging of accounting fees by King and Hindsman, that the defendant George King, Jr., prepared a lease agreement while purportedly acting on behalf of both Forrest Realty and King and Hindsman which is overly favorable to King and Hindsman.
 "9. That the rental paid by King and Hindsman to Forrest Realty is in the amount of Nine Hundred and No/100th ($900.00) Dollars per month, is, according to one expert witness, a reasonable rental and according to other expert witnesses, is excessive.
 "10. That evidence was produced indicating that the value of the office building owned by Forrest Realty ranges from Sixty Thousand and No/100th ($60,000.00) Dollars to Eighty-Five Thousand and No/100th ($85,000.00) Dollars.
 "11. That evidence was produced indicating that Forrest Realty is also the owner of certain items of personal property, cash assets and life insurance with cash surrender value all of which would probably not exceed Twenty Thousand and No/100th ($20,000.00) Dollars.
 "12. That the plaintiff Burton C. Abel, Jr., voluntarily severed his business relationship with George King, Jr. (King and Abel Accounting firm) and relocated his office for the practice of accounting but made no disposition of his shares of stock in Forrest Realty.
 "13. That while the plaintiff as a minority stockholder has no effective control or voice in the management of the subject corporation, the Court finds that in actuality his position is unchanged from that of when he was a member of the board of directors. Indeed the plaintiff himself testified that he failed to attend a certain directors' meeting because he recognized the futility of opposing the actions of the directors who were the majority stockholders.
 "14. The actions of the majority stockholders have not to date been such acts which constitute illegal, oppressive or fraudulent conduct and while the court is cognizant of the plaintiff's position, absent such illegal, oppressive and fraudulent acts, equity does not call for dissolution of the corporation, for the purpose of one stockholder removing his equity."
Appellant Burton C. Abel, Jr., contends that the trial court erred in not finding the complained of acts to be illegal, oppressive, or fraudulent. We disagree.
Generally, when the trial court hears ore tenus evidence, its findings based on that evidence are presumed correct and will not be disturbed on appeal unless shown to be plainly and palpably erroneous. As Abel notes, however, the ore tenus
presumption of correctness has no application when the facts are undisputed. Home Indemnity Co. v. Reed Equipment Co.,381 So.2d 45 (Ala. 1980); Stiles v. Brown, 380 So.2d 792 (Ala. 1980).
The record, though, does not reveal, as Abel contends, that the facts in this case are totally undisputed. For instance, as the trial court's findings show, the value of the building owned by Forrest Realty was disputed, as was the reasonableness of the rent paid by the accounting firm. The trial court's resolution of these disputed factual issues is due the presumption of correctness afforded by the ore tenus rule.
The ultimate decision of whether to dissolve a corporation must be made by the trial court, guided by equitable principles, based on the particular facts of each case. Belcherv. Birmingham Trust National Bank, 348 F. Supp. 61 (N.D.Ala. 1968). In *Page 1072 
light of these considerations, we cannot say that the trial court erred in refusing to dissolve the corporation.
We emphasize that the law in Alabama is that dissolution of a corporation is an extreme remedy and should be ordered only where the facts clearly warrant it. Phinizy v. Anniston CityLand Co., 195 Ala. 656, 71 So. 469 (1916). Bearing in mind that, as Abel notes, Code 1975, § 10-2A-195, has liberalized the law regarding dissolution of corporations, we nevertheless feel that the trial court was authorized to conclude that Abel failed to prove illegality, oppressiveness, or fraud by the majority shareholders; therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.