ADAMS, Justice.
This is an appeal by Buford D. Sanders and Linda Kincer, d/b/a S & A Investments, Inc. (“S & A”), from a judgment of the Circuit Court of Limestone County in favor of Bhupendra D. Bhakta (“B. Bhak-ta”). We affirm.
The dispute in this case involves a real estate transaction between Sanders and Kincer, d/b/a S & A, and B. Bhakta for the purchase of a 30-unit motel owned by Sanders and Kincer. Sanders and B. Bhak-ta entered into negotiations prior to September 13, 1985, and a contract was drawn up by First Federal Savings & Loan Association of Giles County, Tennessee (“First Federal”) and signed by B. Bhakta. The parties to the contract were S & A, as seller, and B. Bhakta and Chandraxandan T. Bhakta (“C. Bhakta”) as purchasers. After signing the contract, B. Bhakta went to California to confer with his prospective copurchaser, C. Bhakta.
The Bhaktas applied to First Federal for a loan to finance the sale price of the motel, which was $450,000.00. B. Bhakta transferred $30,000.00 from his bank in California to First Federal, “just to say to the bank [First Federal] that I can put the thirty thousand dollars down. I put it in my personal account.” In fact, the money was not held in escrow or placed in a trust account. C. Bhakta provided First Federal with a financial statement; B. Bhakta testified that he had no such statement of his own to provide. The Bhaktas testified that they never received notice from First Federal of the approval of their loan application. When both sets of parties to the transaction made demands on the $30,-000.00, First Federal deposited the money with the Circuit Court of Limestone County, Alabama, and interpleaded the parties to determine their rights. After a trial on May 19, 1986, the court ordered that the money held by First Federal be awarded to B. Bhakta. Sanders and Kincer, d/b/a S & A, filed this appeal.
Appellants contend that the trial court erred in finding that no contract existed because one of the purchasers did not sign the contract. They argue that S & A, not B. Bhakta, was entitled to the funds held by First Federal as liquidated damages. We disagree.
There is no dispute among the parties that C. Bhakta’s participation in the purchase of the motel was intended and was clearly expressed in the contract. The court concluded, therefore, that all parties understood that C. Bhakta was to be one of the purchasers of the motel, that this understanding was a material element upon which the transaction was based, and that no contract came into existence be *877 cause C. Bhakta never became a party to the alleged contract.
The assertion by appellants that the loan application was never approved because of the failure of B. Bhakta to “furnish the correct information” to First Federal is unsupported. Although there is no dispute that the loan was never approved, there is no evidence that it was not approved because of any action or inaction of B. Bhak-ta.
The trial court concluded, based upon the evidence presented, that “no contract existed, [and that] the money was unquestionably deposited by Mr. Bhakta and he is entitled to the proceeds of that account.” As both sides have noted, in Abel v. Forrest Realty, Inc., 484 So.2d 1069 (Ala.1986), we reiterated the longstanding principle:
Generally, when the trial court hears ore tenus evidence, its findings based on that evidence are presumed correct and will not be disturbed on appeal unless shown to be plainly and palpably erroneous.
Id., at 1071. Clearly, the parties disputed the existence of a contract, given the fact that C. Bhakta never signed the written instrument.
The judgment of the Circuit Court of Limestone County is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES and STEAGALL, JJ., concur.
JONES, J., concurs in the result.