Lena Levine, as a shareholder in Malaga Properties, Inc., filed this action for the dissolution of Malaga Properties, Inc. Levine alleged that her sister and co-shareholder, Mayme Sinclair, was guilty of illegal, oppressive, or fraudulent conduct as a director of Malaga Properties, that Sinclair was also guilty of misapplying or wasting Malaga Properties' corporate assets, and that the shareholders in Malaga Properties were deadlocked. Levine also alleged that Malaga Properties should be dissolved because no annual meeting of the shareholders had been held since 1972 and, therefore, Malaga Properties had no board of directors. The trial court appointed a special master pursuant to Rule 53, Ala. R.Civ.P. The special master heard testimony from Levine; from Sinclair's daughter, Julie Beem; and from Dorothy Bunn, the desk clerk and bookkeeper of Malaga Inn, regarding the alleged deadlock.[1]
The trial court entered a judgment on the special master's report, denying Levine's request for dissolution of Malaga Properties.
Levine and Sinclair began operating the Malaga Inn and Restaurant in 1967. They formed Malaga Properties, Inc., to hold title to the real property. The corporation then leased the inn facilities to Sinclair and the restaurant facilities to Levine. Difficulties arose between the sisters and were resolved in an earlier judgment by the trial court. After this Court affirmed that judgment, without opinion (MalagaRestaurant, Inc. v. Malaga Inn, Inc., *Page 374 596 So.2d 954 (Ala. 1992)), Levine brought the present action to have the corporation dissolved.
Section 10-2A-195(a)(1), Ala. Code 1975, authorizes the circuit court to dissolve a corporation and liquidate its assets where a shareholder establishes:
 "a. That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being suffered or is threatened by reason thereof; or
 "b. That the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent; or
 "c. That the shareholders are deadlocked in voting power, and have failed, for a period which includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired upon the election of their successors; or
 "d. That the corporate assets are being misapplied or wasted; or
"e. That the corporation is insolvent."
"We emphasize[, however,] that the law in Alabama is that dissolution of a corporation is an extreme remedy and should be ordered only where the facts clearly warrant it." Abel v.Forrest Realty, Inc., 484 So.2d 1069, 1072 (Ala. 1986) (citation omitted). "The ultimate decision of whether to dissolve a corporation must be made by the trial court, guided by equitable principles, based on the particular facts of each case." Id. at 1071 (citation omitted).
Due to Levine's numerous allegations of illegal, oppressive, or fraudulent acts by Sinclair occurring over a period of 15 to 20 years and due to the difficulties of reviewing the business records (most of which, in fact, related more to the controversies decided in the earlier action than to the need for dissolution), the trial court appointed a special master pursuant to Rule 53, Ala.R.Civ.P. The parties submitted their evidence to the special master, and the special master determined that the only arguably applicable basis for the trial court's dissolution of Malaga Properties was that the shareholders, Sinclair and Levine, were "deadlocked in voting power and have failed for more than two years to elect successors for directors whose terms have expired." The special master went on to review the shareholders' alleged "deadlock" and recommended that the trial court deny Levine's request for dissolution of Malaga Properties.
On this appeal, Levine continues to argue that the shareholders' deadlock in voting power prevents election of directors and, therefore, requires dissolution of Malaga Properties. In support of this argument, Levine relies onCowin v. Salmon, 248 Ala. 580, 28 So.2d 633 (1946).Cowin affirmed the trial court's dissolution of two corporations because the shareholders of the corporations were deadlocked. In discussing deadlock and the degree to which it must exist before dissolution is warranted, the Cowin
court used phrases such as "paralysis of the corporate function" and "impotent and unable to legally transact any business on account of the controversy and ill feeling existing between the [shareholders]." Id., 248 Ala. at 584,28 So.2d at 636.
The trial court in the present case accepted the special master's report, which determined that facts justifying dissolution of Malaga Properties, Inc., did not exist.
 "[A] court accepts a master's findings of fact in non-jury actions unless [those findings are] clearly erroneous; and to the extent the trial court has adopted the findings of a master, this same standard applies to an appellate review of these findings. Rule 53(e)(2), Ala.R.Civ.P., and committee comments to Rule 53 . . . and . . . to Rule 52. In essence, a master's report [adopted by a trial court] is . . . not to be disturbed unless it is palpably and plainly wrong. Patterson v. Lovelady, 233 Ala. 554, 556, 172 So. 646, 648
(1937)."
Burgess Mining Constr. Corp. v. Lees, 440 So.2d 321,327 (Ala. 1983).
On this appeal Levine fails to show that the trial court erred in adopting the special master's report or that the master's factual findings were plainly and palpably wrong. She also fails to show that the *Page 375 
trial court abused its discretion in refusing to dissolve Malaga Properties, Inc. This Court's review of the record reveals only support for the judgment.
Malaga Properties exists only to hold title to the real property in question, to lease that property to Levine and to Malaga Inn, and to serve as a conduit, if needed, for payments for such expenses as taxes and maintenance. The special master's determination of facts included the following:
 "The 1980 restructuring rendered Malaga Properties, Inc., a fundamentally passive entity. It exists to hold title to the hotel and restaurant property, to maintain and improve the property as needed, and to collect rent. Given the operating arrangement described previously, no rent collection actually occurred, as all collections and bill paying are accomplished by Malaga Inn, Inc."
Because Levine has not offered sufficient evidence to show that the special master's report, as accepted by the trial court, is plainly and palpably wrong, this Court accepts the trial court's determination that Malaga Properties' corporate function is not paralyzed. The lease and maintenance of the real property is Malaga Properties' only objective and none of the alleged ill will between Levine and Sinclair has prevented Malaga Properties from accomplishing its objectives.
With regard to Levine's contention that Malaga Properties operates without a board of directors and that the shareholders' deadlock has prevented an election of directors, there was evidence that the shareholders have not made any attempt to elect directors for the past 15 to 20 years. This Court also notes that Herman Maisel resigned as an officer of the corporation, not as a director. Maisel also continued to serve as a director during the 15 to 20 years that Levine refused to attend meetings. Under the "hold over" doctrine, see, 2 William M. Fletcher, Cyclopedia of the law ofPrivate Corporations § 344 (rev. perm. ed. 1990), and the facts of the present case, Levine has shown nothing more than a possibility of future shareholder deadlock preventing the election of directors. Without more, the extreme remedy of dissolution is not warranted. Levine has failed to show that the special master's factual determinations are plainly and palpably wrong or that the trial court abused its discretion in refusing to dissolve Malaga Properties, Inc. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] At the hearing before the special master, the parties stipulated that Sinclair had died in April 1991, that Beem was one of the executors of her estate, and that, under the terms of her will, Beem would receive Sinclair's stock in both Malaga Properties, Inc., and Malaga Inn, Inc. Levine's attorney orally moved that Sinclair's estate be "added" as a party defendant, and the trial court granted that motion. The estate was not formally substituted, but, according to the stipulation and the motion, we have substituted Beem, as executrix of Sinclair's estate, for Sinclair as an appellee.